■ BALBINA TREJO, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered June 16, 1988, which granted defendants' motion for reargument but adhered to the court's prior order, entered January 1, 1988, which granted defendants' dismissal motion only to the extent of dismissing as against the City of New York; denied dismissal against defendant Health and Hospitals Corporation (HHC) and the individual defendants; dismissed a derivative action of the parents of the infant plaintiff; and granted infant plaintiff's cross motion to deem the notice of claim as timely filed nunc pro tunc, unanimously affirmed, without costs.

Subsequent to the order appealed from, the infant plaintiff has voluntarily discontinued the action against HHC. Thus, the only issue before us is whether the IAS Judge abused his discretion in granting the infant plaintiff's cross motion to deem his notice of claim timely filed nunc pro tunc as to the individual defendants.

The infant plaintiff, who is mentally impaired, was born at Jacobi Hospital on August 11, 1970. The alleged malpractice involves prenatal, delivery and postdelivery care rendered to the infant at the hospital in August 1970 and thereafter. The notice of claim was not served until 13 years later and no individual employees of HHC or the municipal hospital were named in the notice. The summons and complaint, which named all the defendants, were served in 1985. Clearly, as to the claim of the parents, the Statute of Limitations was a proper defense. However, as to the infant, it is axiomatic that infancy tolls a claim. Moreover, section 50-e (5) of the General Municipal Law specifies, among the criteria to be considered for discretionary extension of time to serve a notice of claim, infancy and mental incapacity, both of which are here present. *(See, Matter of Murray v City of New York,* 30 NY2d 113.) Accordingly, we find no abuse of discretion. Concur—Kupferman, J. P., Ross, Asch, Kassal and Rosenberger, JJ.