■ In the Matter of DANIEL J., Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.—In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the New York City Health and

Hospitals Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated January 6, 1989, as granted the infant petitioner's application and precluded it from raising the Statute of Limitations as an affirmative defense in the underlying medical malpractice action.

Ordered that the order is affirmed insofar as appealed from, with costs.

We find that the Supreme Court did not improvidently exercise its discretion in granting the infant petitioner leave to serve a late notice of claim. Although the appellant New York City Health and Hospitals Corporation contends that the court was without jurisdiction to grant permission to serve a late notice of claim since the maximum 10-year statutory toll for infancy had elapsed (see, CPLR 208), the record establishes that the claims underlying this medical malpractice action stemmed from a course of treatment rendered to the infant petitioner on a continuous basis until March 15, 1979 (see, McDermott v Torre, 56 NY2d 399, 407; Borgia v City of New York, 12 NY2d 151). Since the infant petitioner submitted his application for leave to serve a late notice of claim within 10 years of the date he last received treatment, the Supreme Court properly exercised its discretion in entertaining this application (see, Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61; Pierson v City of New York, 56 NY2d 950, 954-956).

Additionally, the appellant has failed to demonstrate that it would suffer undue prejudice as a result of allowing the infant petitioner to proceed (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 259; Dickey v County of Nassau, 65 AD2d 780). Although the hospital in which the infant petitioner was treated has since closed, the hospital records are nevertheless available and these records contain sufficient information so as to permit the parties to fully investigate the claims asserted. Kunzeman, J. P., Eiber, Rosenblatt and Miller, JJ., concur.