■ In the Matter of THOMAS KURZ, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.— In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated October 27, 1989, which granted the petitioner's application for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the appellant New York City Health and Hospitals Corporation (hereinafter HHC), we find that the court did not improvidently exercise its discretion in granting the petitioner leave to serve a late notice of claim. The record reveals that the petitioner's two infant children, fraternal twins, were born in November 1979, at the appellant's Elmhurst General Hospital. The first twin born, Amanda, was delivered with the aid of forceps. The second twin, Thomas, was in a breech position, yet was delivered vaginally. Both children allegedly received negligent treatment from hospital personnel, causing them to sustain cerebral palsy.

Because of the twins' condition, the petitioner and his wife brought the children to Elmhurst General Hospital for continuing treatment. Hospital employees reportedly advised the petitioner and his wife that the condition of the children was due to the fact that they were born approximately two months prematurely. Consequently, no legal action was taken. In March 1989, however, the petitioner and his wife met another parent of prematurely born twins, one of whom was afflicted with cerebral palsy, who informed them that the condition of the children could be the result of malpractice. The petitioner thereafter consulted with counsel and the instant proceeding was commenced by order to show cause signed May 9, 1989, i.e., within 10 years of the accrual of any potential birth-related malpractice cause of action.

Upon the foregoing facts we cannot agree with the HHC that the court improvidently exercised its discretion. While ordinarily an application for leave to serve a late notice of

claim must be brought within the one-year and 90-day period provided for by General Municipal Law § 50-e, that time period is subject to a toll for infancy of up to 10 years (CPLR 208; *see, Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630; *Trejo v City of New York,* 156 AD2d 164; *see also, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). It is uncontroverted that in the instant case the petitioner's application was brought within the appropriate period of limitation, as tolled by the twins' infancy.

Furthermore, there is no merit to the HHC's contention that the petitioner has failed to make the requisite showing that the delay in filing a notice of claim was a product of the children's infancy, and that absent such a showing, leave to serve a late notice of claim must be denied. This requirement existed under a predecessor version of current General Municipal Law § 50-e (5) *(see, Matter of Murray v City of New York,* 30 NY2d 113). That predecessor section did indeed contain an express requirement limiting a court's discretion over late notice applications to situations, *inter alia,* "[w]here the claimant is an infant * * * and by reason of such disability fails to serve a notice of claim within the time specified" (General Municipal Law former § 50-e [5]). As amended, however, this requirement was deleted (L 1976, ch 745). A petitioner is no longer required to establish that the delay is a product of the infancy *(see, Matter of Lannon v Town of Henrietta,* 109 AD2d 1067; *Matter of Zieker v Town of Orchard Park,* 70 AD2d 422, 427, *affd* 51 NY2d 957) as infancy is now but one consideration and "[t]he decision to grant or deny an extension under section 50-e (subd 5) is still purely a discretionary one" *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 265, *supra; see also, Matter of Rees,* 141 AD2d 649; *Caparco v Town of Brookhaven,* 133 AD2d 803; *Rechenberger v Nassau County Med. Center,* 112 AD2d 150). Certainly the mere fact of infancy alone is not sufficient as a matter of law to compel the granting of an application for leave to serve a late notice of claim. Concomitantly, the failure to show that the delay was the product of the disability is not automatically fatal to the petitioners' case. In this regard, the HHC's reliance upon *Matter of Andersen v Nassau County Med. Center* (135 AD2d 530) is misplaced as that case, along with *Matter of Sampson v Cazzari* (142 AD2d 681), and *Matter of Albanese v Village of Floral Park* (128 AD2d 611), correctly acknowledge that the absence of a nexus between the disability and the delay is but one factor to assess in determining an application for leave to serve a late notice of claim.

Furthermore, we reject the HHC's argument that it will be unduly prejudiced by being compelled to defend this case. While the instant delay was just short of 10 years, similar lengthy delays have been excused where the interest of justice so warranted *(see, e.g., Matter of Daniel J. v New York City Health & Hosps. Corp.,* 160 AD2d 940, *revd on other grounds* 77 NY2d 630, *supra; Trejo v City of New York,* 156 AD2d 164, *supra).* Moreover, the HHC has been in possession of the children's medical records since the time of the alleged malpractice and has thus had actual notice of the claim and the underlying facts within the limitation period *(see, Matter of Quiroz v City of New York,* 154 AD2d 315; *Strobel v County of Lewis,* 147 AD2d 948; *Kavanaugh v Memorial Hosp. & Nursing Home,* 126 AD2d 930; *Rechenberger v Nassau County Med. Center, supra).* The HHC should thus not be heard to complain of prejudice based upon its purely speculative argument that employees with knowledge of the facts may no longer work at the hospital *(cf., Matter of Daniel J. v New York City Health & Hosps. Corp., supra).*

We have reviewed the HHC's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.