■ In the Matter of CHARLENE TOMLINSON et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Rutledge, J.) dated December 3, 1990, which denied the application.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof denying that branch of the application which was asserted on behalf of the infant petitioner Charlene Tomlinson, and substituting therefor a provision granting that branch of the application as to her, and the proposed notice of claim is deemed served with respect to Charlene Tomlinson; as so modified, the order is affirmed, without costs or disbursements.

The infant petitioner Charlene Tomlinson was born at Queens General Hospital on August 21, 1981. The child was delivered by emergency caesarean section, and she allegedly sustained brain damage during delivery which has caused her to suffer from cerebral palsy since birth. The petitioners claim that the child's injuries resulted from the negligence of the hospital and its medical staff, because the doctors delayed in performing a caesarean section upon Charlene's mother, although the fetus was in distress.

In the fall of 1990 when Charlene was nine years old, the petitioners commenced the instant proceeding for leave to serve a late notice of claim against the New York City Health and Hospitals Corporation (hereinafter HHC), which owns and operates Queens General Hospital. The Supreme Court denied the application, concluding that although one of the petitioners was a brain-damaged infant, the lengthy delay in filing a notice of claim would unduly prejudice the HHC. We disagree, and modify the order appealed from to grant the application insofar as it is asserted on behalf of the infant.

Although as a general rule, an application for leave to serve a late notice of claim must be brought within the one-year and 90-day period provided for by General Municipal Law § 50-e, that time period is subject to a toll for infancy of up to 10 years *(see,* CPLR 208; *Matter of Daniel J. v New York City Health & Hosps. Corp.,* 160 AD2d 940, *revd on other grounds* 77 NY2d 630; *Trejo v City of New York,* 156 AD2d 164; *see also, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256).* In the instant case, it is undisputed that the infant petitioner's application was made within the appropriate limitation period, as tolled by her infancy. Further, contrary to the Supreme Court's conclusion, we find that the HHC will not be unduly prejudiced by being compelled to defend this case. In this regard, we note that the infant's disability was apparent at her birth, and that the HHC has been in possession of her medical records since the time of the alleged malpractice. The HHC thus had actual notice of the infant petitioner's claim and the underlying facts within the limitation period *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671; *Matter of Quiroz v City of New York,* 154 AD2d 315; *Strobel v County of Lewis,* 147 AD2d 948).* Moreover, delays similar to the delay at bar have been excused where the interest of justice so warranted *(see, e.g., Matter of Kurz v New York City Health & Hosps. Corp., supra; Matter of Daniel J. v New York City Health & Hosps. Corp., supra; Trejo v City of New York, supra).* Accordingly, under the circumstances of this case, we find that the Supreme Court improvidently exercised its discretion by denying the application insofar as it was asserted on behalf of the infant petitioner based solely upon the HHC's unsupported assertion that it would be prejudiced by the length of the delay. Thompson, J. P., Eiber and Ritter, JJ., concur.

Balletta, J., concurs in the result, on constraint of *Matter of Kurz v New York City Health & Hosps. Corp.* (174 AD2d 671).