■ In the Matter of ERIC WILLIAMS, Appellant, v BRONX MUNICIPAL HOSPITAL CENTER, Respondent. [613 NYS2d 401] — Order, Supreme Court, Bronx County (Luis A. Gonzalez, J.), entered January 14, 1994, which denied petitioner's motion to file a late notice of claim pursuant to General Municipal Law § 50-e (5), unanimously reversed, on the law, and the motion granted, without costs.

Where the infant petitioner seeks to recover for permanent brain damage due to alleged negligence and medical malpractice committed prior to and at the time of his birth in respondent hospital in 1984, his application to file a late notice of claim should have been granted inasmuch as respondent has been in possession of the child's medical records since the time of the alleged malpractice and has thus had actual notice of the claim and the underlying facts within the limitation period *(see, Matter of Tomlinson v New York City Health & Hosps. Corp.,* 190 AD2d 806; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671, 673). It is undisputed that the application was made within the appropriate limitation period as tolled by petitioner's infancy. Moreover, the fact that petitioner's mother waited nine years from the birth of her son and five years from the time he was institutionalized before seeking such relief should not be fatal given respondent's knowledge and the resulting lack of prejudice *(see, Chattergoon v New York City Hous. Auth.,* 197 AD2d 397; *Matter of Kurz v New York City Health & Hosps. Corp., supra).* Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.