■ DIVINE GILLEY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [630 NYS2d 48] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about December 13, 1993, which, *inter alia*, granted the infant plaintiff's application for leave to serve a late notice of claim, unanimously affirmed, without costs.

We find that plaintiff, an infant who was severely burned in a fire while living with his family in a building owned by the defendant, was properly granted permission to serve a notice of claim some eight months after the expiration of the 90-day period set forth in General Municipal Law § 50-e (1) (a).

On December 17, 1992, the infant, then six years old, was severely burned in a fire in his family's apartment in the Taft Houses, a New York City Housing Authority project. The New York City Police Department prepared a complaint report which stated that while the infant's mother was sleeping he was burned in a fire caused by another son. That police report was received by the New York City Housing Authority, Taft Houses on December 22, 1992. The infant spent some two months in the hospital as a result of his injuries. Counsel moved for leave to file a late notice promptly after being contacted by the infant's mother. That notice claimed essentially that the defendant had been negligent in its failure to have smoke detectors in the family's home. The purpose of a smoke detector, as is commonly known, is to sound a loud alarm upon the detection of smoke and to thereby alert sleeping or otherwise unaware persons that a fire is afoot and danger of injury is presenting itself.

The Housing Authority had actual knowledge of the incident within the 90-day period due to its receipt of a police report some five days after the occurrence. While the report indicated that the fire had been caused by another child, it did not rule out as subsequently claimed, that the injuries could have been prevented or lessened had properly functioning smoke detectors been in place. Further, the Housing Authority has not demonstrated that it has been prejudiced by the delay here, which was not substantial. Only 11 months elapsed between the date of the incident and the return date of the motion for leave to file a late notice of claim on November 12, 1993. Additionally, the absence of a demonstrated nexus between the disability of infancy and the delay in filing is not absolutely fatal to a claimant's case, as it is solely one factor for the court

to consider in determining how it will exercise its discretion (*Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671, 672). Finally, plaintiff does not have to conclusively establish the merits of his claim at this stage. Under all the circumstances here, the granting of the application was an appropriate exercise of Supreme Court's discretion. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Mazzarelli, JJ.