■ In the Matter of NANCY SAYEGH, Appellant, v HEALTH AND HOSPITALS CORPORATION OF THE CITY OF NEW YORK, Re-

spondent. [649 NYS2d 696] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about December 6, 1994, which denied plaintiff's motion for leave to file a late notice of claim, unanimously reversed, on the law, without costs, and the motion granted.

This is an action for medical malpractice allegedly committed during a radical hysterectomy undergone by plaintiff at Lincoln Hospital in January, 1992. In October, 1992, plaintiff received a letter from her treating physician noting that the nonfunctioning bladder from which she had suffered since the surgery was at that point untreatable but that "our tentative date of definitive treatment is mid-February 1993." According to the unrefuted evidence submitted by plaintiff, she was last treated for the condition on February 28, 1993. On May 13, 1994, she served her notice of claim, summons and complaint.

In this case, it is undisputed that the applicable Statute of Limitations is one year and 90 days (General Municipal Law § 50-i). Contrary to the IAS Court, we find that the undisputed evidence clearly showed that plaintiff received continuous treatment for the subject condition through February 28, 1993 and that her summons and complaint were therefore timely filed in mid-May, 1994.

Moreover, we find that plaintiff has made an adequate showing that her time to file her notice of claim should be extended. Although a notice of claim must be filed within 90 days after a claim arises (General Municipal Law § 50-e [1] [a]), under General Municipal Law § 50-e (5), "Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation."

Here, plaintiff's unrefuted evidence demonstrates that she was physically and mentally incapacitated during the intervening period, and defendant has shown no prejudice from the delay. Moreover, given the nature of the claim, i.e., alleged malpractice during surgery performed in defendant's hospital resulting in immediate post-operative incontinence which was reported to and treated by defendant's physicians, there can be no doubt that defendants were aware of the facts and circumstances surrounding the alleged injury at the time of its occurrence (*see, Matter of Williams v Bronx Mun. Hosp. Ctr.*, 205 AD2d 420). Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.