■ In the Matter of ANTHONY ROBINSON et al., Appellants, v WESTCHESTER COUNTY MEDICAL CENTER et al., Respondents. [703 NYS2d 528] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated January 26, 1999, as denied that branch of their application which was for leave to serve a late notice of claim on behalf of the infant petitioner.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the application which was for leave to serve a late notice of claim on behalf of the infant petitioner is granted, and the proposed notice of claim with respect to the infant petitioner is deemed served.

The infant petitioner was hospitalized at Westchester County Medical Center (hereinafter WCMC) from February 8 to February 22, 1995, where she was diagnosed with "diabetic ketoacitosis". During her hospitalization, she was treated with intravenous therapy through a femoral line placed in her right leg. She allegedly suffered permanent injuries caused by the negligent manner in which the femoral line was inserted.

In September 1998, the infant's parents, on behalf of the infant and individually, made an application for leave to serve a late notice of claim on WCMC and Westchester County. The Supreme Court denied the application. On appeal, the petitioners challenge only the denial of the application insofar as made on behalf of the infant. We reverse insofar as appealed from, and grant that branch of the application.

The application on behalf of the infant was made within the appropriate period of limitations, as tolled by the petitioner's infancy (see, Matter of Makris v Westchester County, 208 AD2d 843; Matter of Tomlinson v New York City Health & Hosps. Corp., 190 AD2d 806; Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671). Further, WCMC has been in possession of the infant's medical records since the time of the alleged malpractice. A review of those records reveals that WCMC had actual notice of the facts underlying the infant's claim (see, Matter of Makris v Westchester County, supra; Matter of Tomlinson v New York City Health & Hosps. Corp., supra; Matter of Kurz v New York City Health & Hosps. Corp., supra). Under the circumstances, WCMC will not be substantially

prejudiced by the delay (*see, Matter of Makris v Westchester County, supra; Matter of Tomlinson v New York City Health & Hosps. Corp., supra; Matter of Quiroz v City of New York,* 154 AD2d 315). Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.