■ In the Matter of MARGARET STALEY, Individually and as Executor of DOUGLAS STALEY, Deceased, and as Parent and Natural Guardian of TIMOTHY STALEY and Another, Infants, Appellant, v JAMES PIPER et al., Respondents. [728 NYS2d 88]

—In a proceeding, *inter alia*, pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered August 11, 2000, as denied their application for leave to serve a late notice of claim.

Ordered that the order is modified, on the facts and as a matter of discretion, by (1) deleting the provision thereof denying that branch of the application which was for leave to serve a late notice of claim with respect to the allegations of negligence and medical malpractice arising from the act of leaving a foreign object within the decedent, and substituting therefor a provision granting that branch of the application, and the proposed notice of claim is deemed served with respect to those allegations, and (2) deleting the provision thereof denying that branch of the application which was for leave to serve a late notice of claim with respect to the allegations of negligence, medical malpractice, and wrongful death arising from the staph infection which allegedly resulted from the foreign object, and substituting therefor a provision denying that branch of the application with leave to renew; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants.

The Supreme Court improvidently exercised its discretion in denying the petitioners' application in its entirety. Under the circumstances of this case, the petitioners established a reasonable excuse for the 3½ month delay in seeking leave to serve the notice of claim. Given the illness with which the decedent had been diagnosed, his grim prognosis, the chemotherapy and radiation treatments, the alleged staph infection which caused him to again be hospitalized, and the subsequent recuperation and continued cancer treatments, it cannot be disputed that the petitioners were more concerned with the decedent's health than with commencing a lawsuit within the prescribed time (*see, Morano v County of Dutchess,* 160 AD2d 690; *Fenton v County of Dutchess,* 148 AD2d 573; *Fahey v County of Nassau,* 111 AD2d 214). Even if there exist some unexplained gaps during the six-month period after the decedent's release from the hospital that could have been better explained, the absence of a reasonable excuse is not necessarily fatal when weighed against other relevant factors, including prejudice to the municipality and whether it obtained actual knowledge within the 90-day period or shortly thereafter (*see, Matter of Alvarenga v Finlay,* 225 AD2d 617; *Matter of Morgan v New York City Hous. Auth.,* 181 AD2d 890; *Matter of*

*Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671; *Fenton v County of Dutchess, supra; Rechenberger v Nassau County Med. Ctr.,* 112 AD2d 150).

Moreover, the service of a late notice of claim is often permissible in a medical malpractice action relating to the care and treatment of a patient because the hospital is in possession of the patient's medical records and thus has actual notice of the underlying facts of the claim (*see, Matter of Kurz v New York City Health & Hosps. Corp., supra; Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526; *Rechenberger v Nassau County Med. Ctr., supra*). The respondents do not dispute that they had knowledge that a foreign object was left within the decedent after the first surgery, and that a second surgery was performed at the hospital by the same surgeon to remove that foreign object. The medical records, which are in the respondents' possession, contain the facts and information necessary to conduct an adequate investigation into the claim (*see, Matter of Tomlinson v New York City Health & Hosps. Corp.,* 190 AD2d 806; *Matter of Kurz v New York City Health & Hosps. Corp., supra; Rechenberger v Nassau County Med. Ctr., supra; see also, Matter of Charles v New York City Health & Hosps. Corp., supra; Kavanaugh v Memorial Hosp. & Nursing Home,* 126 AD2d 930). Thus, the petitioners' application should have been granted with respect to the claims of negligence and medical malpractice arising from the act of leaving the foreign object within decedent after the first surgery, thereby requiring him to undergo a second surgery.

Nevertheless, the petitioners failed to show that the respondents had actual knowledge of the facts underlying the claims relating to the staph infection which allegedly developed as a result of the foreign object. Nothing that has been presented thus far supports the petitioners' argument. Inextricably intertwined with the petitioners' failure of proof on this issue, however, is their inability to obtain the decedent's hospital records. Since it was agreed during oral argument of this appeal that the petitioners are now in possession of those records, that branch of the application which is for leave to serve a late notice of claim with respect to the allegations of negligence, medical malpractice, and wrongful death attributable to the alleged staph infection, is denied with leave to renew. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.