◼ In the Matter of GABRIEL SOTO, an Infant, by His Father and Natural Guardian, JESUS SOTO, Respondent, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Appellant. [745 NYS2d 912] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Seidell, J.), dated August 27, 2001, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court erred in granting the petitioner leave to serve a late notice of claim. The petitioner failed to proffer an adequate explanation for the failure to serve a timely notice of claim, the Brentwood Union Free School District (hereinafter the District) did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and the delay would cause the District substantial prejudice in maintaining its defense on the merits (*see Matter of Sargent v New York City Hous. Auth.,* 287 AD2d 638; *Kittredge v New York City Hous. Auth.,* 275 AD2d 746). Furthermore, while infancy will automatically toll the one-year and 90-day statute of limitations for commencing an action against a municipality (*see* General Municipal Law § 50-i; CPLR 208), the "infancy of the injured petitioner, standing alone, did not compel the granting of an application for leave to serve a late notice of claim" (*Matter of Knightner v City of New York,* 269 AD2d 397). It is incumbent upon the petitioner to show a nexus between the delay and the infancy. In the case at bar, there was no such

showing (*see Matter of Cuffee v City of New York,* 255 AD2d 440). Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.