■ ANTHONY MEDLEY et al., Appellants, v M. CICHON et al., Respondents. [761 NYS2d 666] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 7, 2002, as, upon granting the defendants' motion for leave to reargue, in effect, vacated a prior order of the same court, dated February 22, 2002, denying the defendants' cross motion to dismiss the complaint for failure to timely serve a notice of claim, and, in effect, granting those branches of the plaintiffs' motion which were to dismiss the defendants' first, third, and sixth affirmative defenses and to deem the notice of claim to have been timely served, and granted the defendant's cross motion, denied those branches of the plaintiff's motion which were to dismiss the defendants' first, third, and sixth affirmative defenses, and, in effect, denied that branch of the plaintiff's motion which was to deem the notice of claim to have been timely served.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the order dated February 22, 2002, is reinstated, and upon reargument, the original determination contained in the order dated February 22, 2002, is adhered to.

The infant plaintiff was born on November 8, 1999, at the Westchester County Medical Center, a hospital operated by the defendant Westchester County Health Care Corporation, sued herein as Westchester Health Care Corporation (hereinafter the WCHCC). His birth was attended by the defendants Dr. Nancy Kirshenbaum and Physician's Assistant Michelle Cichon, both agents or employees of the WCHCC. The medical records maintained by the WCHCC note, inter alia, that dur-

ing his birth the infant plaintiff's head and neck were stuck in his mother's perineum for about five minutes, he required resuscitation, and at birth his Apgar score was 0.

On February 2, 2000, the plaintiffs served a timely notice of claim, in substance identical to their later notice, upon the County of Westchester, the former owner and operator of the Westchester County Medical Center (*see* Public Authorities Law § 3301 [1]; L 1997, ch 11, eff Feb. 11, 1997 [creating the Westchester County Health Care Corporation]). On October 18, 2000, without leave of the court, the plaintiff's counsel served a second notice of claim, this time on the WCHCC. The defendants' motion to strike the notice of claim and the plaintiffs' cross motion for leave to serve a late notice of claim were both denied by Justice Nastasi in an order entered January 23, 2001, on the ground that there was no proceeding then pending.

The plaintiffs then commenced this action. The defendants answered, and asserted, inter alia, an affirmative defense of failure to timely serve a notice of claim. By order dated February 22, 2002, Justice Donovan, in effect, granted the plaintiffs' motion, inter alia, to deem the notice of claim to have been timely served and denied the defendants' cross motion to dismiss the complaint. The defendants moved for leave to reargue. Upon granting reargument, the Supreme Court denied the branches of the plaintiffs' motion which were to strike the defendants' affirmative defenses, in effect denied the branch of the plaintiffs' motion which was to deem the notice of claim timely served, and granted the defendants' cross motion to dismiss the complaint.

The Supreme Court improvidently exercised its discretion by denying the subject branches of the plaintiffs' motion and granting the defendants' cross motion. In this instance, the medical records made and maintained by the municipal defendant the WCHCC contain all the information leading up to the claimed injuries, and in fact note the existence of the injuries contemporaneously with their occurrence or very shortly thereafter. By these records, the WCHCC acquired actual notice of the underlying facts of the claim contemporaneously with its occurrence. The WCHCC's own records thus provided all the facts and information needed to investigate this claim (*compare Matter of Staley v Piper*, 285 AD2d 601, 603 [2001]; *Matter of Tomlinson v New York City Health & Hosps. Corp.*, 190 AD2d 806, 807 [1993]; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671, 673 [1991], *with Matter of Caruso v County of Westchester*, 220 AD2d 746 [1995], *and*

*Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7, 11 [1995]).

The plaintiffs also demonstrated the absence of prejudice to the WCHCC. The WCHCC admitted that its codefendant, M. Cichon, was its employee when the infant plaintiff was born, and it does not allege that she has since left its employ. It also effectively admitted that it still is able to communicate with, and obtain information from, its other codefendant Dr. Kirshenbaum, and it obtained an affirmation from her in connection with this matter. Furthermore, the plaintiffs have asserted, and the WCHCC's own records support this assertion, that Kirshenbaum and Cichon were the employees or agents of the WCHCC most directly involved in the activities leading up to the infant plaintiff's birth and concomitant injuries. This is sufficient to show that the WCHCC was not prejudiced and to shift the burden to the defendants to show how they were prejudiced. The WCHCC's conclusory assertions, made solely by its attorney, that it is prejudiced because unnamed employees or agents have left its employ, or that some of those employees or agents have suffered memory loss, is insufficient to overcome this showing by the plaintiffs (*see Matter of Staley v Piper, supra*; *Matter of Tomlinson v New York City Health & Hosps. Corp., supra*; *Matter of Kurz v New York City Health & Hosps. Corp., supra*).

Finally, we note that the existence or absence of a reasonable excuse for any delay is but one of the factors to consider. If there is timely notice and the absence of prejudice, even the absence of a reasonable excuse for failing to timely serve a notice of claim will not bar the granting of leave to serve a late notice of claim. Under the circumstances of this case, even were we to agree with the defendants that the plaintiffs' excuse for failing to timely serve a notice of claim was unreasonable, that is merely a factor to be considered and would not alone bar the granting of leave (*see* General Municipal Law § 50-e; *Matter of Staley v Piper, supra* at 602; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]; *see also Matter of Kurz v New York City Health & Hosps. Corp., supra* at 672). In any event, the plaintiffs had already served a timely notice of claim on the County of Westchester, the recent and former owner and operator of the Westchester County Medical Center. Thus, the plaintiffs could have argued "an excusable error concerning the identity of the public corporation against which the claim should be asserted" (General Municipal Law § 50-e [5]). This much appears on the face of the record before us. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.