In the Matter of JAISHA FEROZ, Appellant, v CITY OF NEW YORK et al., Respondents. [777 NYS2d 690]—

In a proceeding, in effect, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Levine, J.), dated May 28, 2003, which denied the application.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the application for leave to serve a late notice of claim is granted.

The infant petitioner allegedly sustained an injury known as Erb's palsy during her delivery at Coney Island Hospital (hereinafter the hospital), and she subsequently received treatment for that injury at the hospital. Nine months after her birth, her mother Neelam Akhtar, served a notice of claim on the hospital, the City of New York, and the New York City Health and Hospitals Corporation (hereinafter referred to collectively as the respondents). The petitioner subsequently brought the application at bar for an order deeming the notice of claim timely served.

The notice of claim was a nullity since it was served after expiration of the 90-day statutory period (*see* General Municipal Law § 50-e [1] [a]) without leave of the court (*see Henry v Aguilar,* 282 AD2d 711 [2001]). The Supreme Court therefore properly considered the application as one for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

The Supreme Court improvidently exercised its discretion in denying the application. In view of Akhtar's unrebutted assertion that a hospital doctor informed her after the delivery that the petitioner had suffered a "brachial plexus type of injury" and that the infant subsequently received treatment for this injury at the hospital, it is apparent that the respondents had actual notice of the facts constituting the claim within the 90-day statutory period (*see Medley v Cichon,* 305 AD2d 643 [2003]; *Matter of Staley v Piper,* 285 AD2d 601 [2001]; *Matter of Tomlinson v New York City Health & Hosps. Corp.,* 190 AD2d 806 [1993]).

Furthermore, the respondents failed to present any evidence that this relatively short delay prejudiced their ability to maintain a defense (*see Rosas v 397 Broadway Corp.,* 309 AD2d 913 [2003]; *Owens v New York City Health & Hosps. Corp.,* 271 AD2d 514 [2000]; *Tomlinson v New York City Health & Hosps. Corp., supra*). Under the circumstances, the petitioner's failure to provide a reasonable excuse for the delay was not fatal to her application (*see Matter of Staley v Piper, supra*). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.