■ In the Matter of JORDAN M. HENDERSHOT et al., Appellants, v WESTCHESTER MEDICAL CENTER, Respondent. [777 NYS2d 743]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 6, 2003, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the petition is granted, and the proposed notice of claim is deemed served.

In October 2002, while hospitalized at the respondent, Westchester Medical Center (hereinafter WMC), the petitioner Tina Conklin, who was then 41 weeks pregnant, suffered a ruptured

uterus. She delivered the infant petitioner, Jordan Matthew Hendershot, who suffered severe perinatal hypoxic injury. The medical records maintained by WMC note, inter alia, that the infant petitioner was "born limp, no movement, very pale, no sign of life, no heart rate." Tina Conklin had to undergo a total hysterectomy.

On April 23, 2003, the petitioners commenced this proceeding for leave to serve a late notice of claim upon WMC. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

The Supreme Court improvidently exercised its discretion in denying the petition. The petition was filed within the appropriate period of limitations (see General Municipal Law § 50-i). Further, WMC was in possession of the medical records and thus had actual notice of the underlying facts of the claim (see Medley v Cichon, 305 AD2d 643, 644-645 [2003]; Matter of Staley v Piper, 285 AD2d 601, 603 [2001]; Owens v New York City Health & Hosps. Corp., 271 AD2d 514, 515 [2000]; Matter of Robinson v Westchester County Med. Ctr., 270 AD2d 275 [2000]; Matter of Makris v Westchester County, 208 AD2d 843 [1994]; Matter of Tomlinson v New York City Health & Hosps. Corp., 190 AD2d 806, 807 [1993]; Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671, 673 [1991]; Matter of Quiroz v City of New York, 154 AD2d 315, 316 [1989]). Under the circumstances of this case, WMC will not be unduly prejudiced by the delay (see Owens v New York City Health & Hosps. Corp., supra; Matter of Robinson v Westchester County Med. Ctr., supra; Matter of Tomlinson v New York City Health & Hosps. Corp., supra). Finally, where, as here, there was actual notice and an absence of prejudice, the absence of a reasonable excuse for failing to timely serve a notice of claim will not bar the granting of leave to serve a late notice of claim (see Medley v Cichon, supra at 645). Smith, J.P., Goldstein, Adams, Rivera and Lifson, JJ., concur.