BREANA NARDI et al., Respondents, v COUNTY OF WESTCHESTER et al., Defendants, and WESTCHESTER COUNTY MEDICAL CENTER, Appellant. [795 NYS2d 302]—

In an action to recover damages for medical malpractice, etc., the defendant Westchester County Medical Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered January 9, 2004, as granted the plaintiffs' motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for leave to serve a late notice of claim on behalf of the plaintiff Jessica Nardi, individually, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff Breana Nardi, an infant, by her mother and natural guardian, Jessica Nardi.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff, Breana Nardi, upon the appellant, the Westchester County Medical Center.

General Municipal Law § 50-e (5) instructs the court to consider certain factors, including whether (1) an infant is involved, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Ramirez v County of Nassau*, 13 AD3d 456 [2004]; *Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]).

The appellant possessed the plaintiff Jessica Nardi's medical records at the time of the alleged malpractice and therefore had actual notice of the essential facts underlying the claim. Moreover, the plaintiffs demonstrated the absence of substantial prejudice to the appellant from the delay (*see Matter of Olsen v County of Nassau*, 14 AD3d 706 [2005]; *Matter of Ramirez v County of Nassau, supra* at 457; *Matter of Celeste v Nassau Health Care Corp./Nassau County Med. Ctr.*, 8 AD3d 271, 272 [2004]; *Rosas v 397 Broadway Corp.*, 309 AD2d 913, 914 [2003]). Finally, "where, as here, there was actual notice and an absence of prejudice, the lack of a reasonable excuse for failing to timely serve a notice of claim will not bar the granting of leave to serve a late notice of claim" (*Matter of Hendershot v Westchester Med. Ctr.*, 8 AD3d 381, 382 [2004]).

The Supreme Court erred, however, in granting that branch of the motion which was for leave to serve a late notice of claim on behalf of the plaintiff Jessica Nardi, individually, since the infancy toll (*see* CPLR 208) is personal to the infant plaintiff, Breana Nardi, and does not extend to the derivative cause of action (*see Vaynman v Maimonides Med. Ctr.*, 4 AD3d 414, 415-416 [2004]; *Smith v Long Beach City School Dist.*, 276 AD2d 785 [2000]; *Dong T. Chen v New York City Health & Hosps. Corp.*, 270 AD2d 445, 446 [2000]). Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.