■ In the Matter of JANETTE TAPIA, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [811 NYS2d 768]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated April 29, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the petition is granted, and the proposed notice of claim is deemed served.

Jessica Tapia, the petitioner's infant daughter (hereinafter the infant claimant) was born at Elmhurst Hospital Center, a New York City Health and Hospitals Corporation (hereinafter HHC) facility, on October 3, 1995. On November 8, 2004 the petitioner commenced this proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, alleging that the infant claimant suffered injuries which included, inter alia, shoulder dystocia and brachial palsy due to the respondent's medical malpractice in the delivery and treatment of the infant claimant.

While it is the general rule that an application pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim must be brought within the one-year and 90-day period provided in that statute, that time period is subject to a toll of up to 10 years due to infancy (see CPLR 208; *Matter of Daniel J. v New York City Health & Hosps. Corp.*, 77 NY2d 630 [1991]; *Matter of Tomlinson v New York City Health & Hosps. Corp.*, 190 AD2d 806 [1993]). As the petitioner commenced this proceeding approximately nine years and one month after the claim accrued, the Supreme Court erred in its determination that the proceeding was commenced more than 10 years after the claim accrued.

In addition, the Supreme Court improvidently exercised discretion in denying the petition for leave to serve a late notice of claim. Although leave to serve a late notice of claim was not sought in this case until the infant claimant was more than nine years old, the petitioner submitted an affidavit which set forth a reasonable explanation for the delay. Moreover, the respondent had actual notice of the facts underlying the malpractice claim, and will not be substantially prejudiced by the delay, as it is in possession of the pertinent medical records, containing the details of the infant claimant's delivery and post-natal

care (*see Matter of Feroz v City of New York,* 8 AD3d 275 [2004]; *Matter of Hendershot v Westchester Med. Ctr.,* 8 AD3d 381 [2004]; *Medley v Cichon,* 305 AD2d 643 [2003]; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671 [1991]). Under the circumstances of this case, HHC will not be unduly prejudiced by the delay (*see Gibbs v City of New York,* 22 AD3d 717 [2005]; *Matter of Feroz v City of New York, supra; Matter of Hendershot v Westchester Med. Ctr., supra; Medley v Cichon, supra; Matter of Tomlinson v New York City Health & Hosps. Corp., supra; Matter of Kurz v New York City Health & Hosps. Corp., supra*). Similar delays have been excused where as here, the interest of justice so warrants (*see Matter of Celeste v Nassau Health Care Corp./Nassau County Med. Ctr.,* 8 AD3d 271 [2004]; *Matter of Tomlinson v New York City Health & Hosps. Corp., supra; Matter of Kurz v New York City Health & Hosps. Corp., supra*). Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.