■ In the Matter of YOCELIN CORVERA, Respondent, v NASSAU COUNTY HEALTH CARE CORPORATION et al., Appellants, et al., Respondents. [833 NYS2d 537]—

In a proceeding pursuant to General Municipal Law § 50-e, inter alia, for leave to serve a late notice of claim, Nassau

County Health Care Corporation, Nassau University Medical Center, Elsie Santana-Fox, Dr. White, and Maiquel Carrasco appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered October 6, 2005, as granted that branch of the petition which was for leave to serve a late notice of claim on behalf of the infant petitioner.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant petitioner allegedly sustained severe brain damage during her delivery on August 10, 2001 at the hospital of the appellant Nassau University Medical Center. The petitioners did not serve a notice of claim until July 14, 2003 and they waited until February 2005 before seeking an order, inter alia, for leave to serve a late notice of claim.

In determining whether to grant an application for leave to serve a late notice of claim, a court should consider, inter alia, (1) whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) whether the claimant is an infant or physically or mentally incapacitated, (3) whether the claimant demonstrated a reasonable excuse for the delay in serving a notice of claim, and (4) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920 [2007]; Nardi v County of Westchester, 18 AD3d 521, 522 [2005]). Whether to grant a petition for leave to serve a late notice of claim is committed to the sound discretion of the Supreme Court (see Matter of Presley v City of New York, 254 AD2d 490 [1998]).

Here, the Supreme Court providently exercised its discretion in granting the infant petitioner's application for leave to serve a late notice of claim. The appellants possessed the infant petitioner's medical records, which documented her injuries at birth, the care given to her, the procedures performed, and the time of the alleged malpractice. Therefore, the appellants had actual notice of the essential facts underlying the claim (see Nardi v County of Westchester, supra; Montero v New York City Health & Hosps. Corp., 17 AD3d 550 [2005]; Matter of West v New York City Health & Hosps. Corp., 195 AD2d 517, 518 [1993]; Matter of Tomlinson v New York City Health & Hosps. Corp., 190 AD2d 806 [1993]; cf. Williams v Nassau County Med. Ctr., 6 NY3d 531 [2006]). Moreover, in light of the appellants' actual knowledge of the essential facts constituting the claim,

there is no substantial prejudice to their maintaining a defense (*see Matter of Vasquez v City of Newburgh*, 35 AD3d 621 [2006]; *Matter of Tapia v New York City Health & Hosps. Corp.*, 27 AD3d 655, 657 [2006]). Furthermore, the infant petitioner provided a reasonable excuse for the delay (*see Matter of McLaughlin v County of Albany*, 258 AD2d 778, 779 [1999]).

The appellants' remaining contentions on appeal do not require a different result. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.