■ In the Matter of JULIE F. et al., Respondents, v CITY OF NEW YORK et al., Appellants. [855 NYS2d 622]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated March 29, 2007, as granted the petition with respect to the infant petitioner.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the petition for leave to serve a late notice of claim is denied in its entirety.

The infant petitioner allegedly was sexually assaulted by a 12- year-old boy while a resident at a New York City shelter. The infant petitioner and his mother commenced this proceeding for leave to serve a late notice of claim.

The petitioners alleged that the City of New York was negligent in the operation, management, control, and supervision of the shelter. The Supreme Court granted the petition with regard to the infant petitioner. We reverse.

"In determining whether to grant an application for leave to serve a late notice of claim, a court should consider, inter alia, (1) whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) whether the claimant is an infant or physically or mentally incapacitated, (3) whether the claimant demonstrated a reasonable excuse for the delay in serving a notice of claim, and (4) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920 [2007]; Nardi v County of Westchester, 18 AD3d 521, 522 [2005])" (Matter of Corvera v Nassau County Health Care Corp., 38 AD3d 775, 776 [2007]).

Here, the petitioners did not establish that the City had knowledge of the essential facts underlying the claim that it was negligent in the operation, maintenance, control, and supervision of the shelter. Knowledge of the incident alone, without more, is insufficient (see Weber v County of Suffolk, 208 AD2d 527, 528 [1994]).

Moreover, the petitioners failed to offer a reasonable excuse for failing to serve a timely notice of claim or for the delay in moving for leave to serve a late notice of claim. The statements of the infant petitioner's mother that she was consumed by the criminal matter and the well being of her son were conclusory and were not supported by any evidence (*see Matter of Flores v County of Nassau,* 8 AD3d 377, 378 [2004]).

The petitioners did not establish a connection between the infancy and the failure to timely serve a notice of claim. Infancy alone is insufficient (*see Williams v Nassau County Med. Ctr.,* 6 NY3d 531, 538 [2006]).

Finally, the petitioners did not meet their burden of establishing that the City would not be prejudiced in the preparation of its defense on the merits (*see Jordan v City of New York,* 41 AD3d 658 [2007]). Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.