In the Matter of MELISSA G. et al., Appellants, v NORTH BABYLON UNION FREE SCHOOL DISTRICT, Respondent. [855 NYS2d 276]—

In a proceeding pursuant to Education Law § 3813 (2-a) for leave to serve a late notice of claim, the petitioners appeal from (1) an order of the Supreme Court, Suffolk County (Loughlin, J.), dated April 26, 2006, which denied the petition, and (2) a judgment of the same court entered July 12, 2006, which, upon the order, is in favor of the respondent and against them dismissing the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provision thereof dismissing that portion of the proceeding which was for leave to serve a late notice of claim on behalf of Melissa G.; as so modified, the judgment is affirmed, that branch of the petition which was for leave to serve a late notice of claim on behalf of Melissa G. is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioners commenced this proceeding for leave to serve a late notice of claim against the respondent North Babylon Union Free School District (hereinafter the District) on behalf of the petitioner Garry G. (hereinafter Garry) in his individual capacity and as parent of the infant petitioner Melissa G. (hereinafter Melissa). The Supreme Court denied the petition and dismissed the proceeding.

The Supreme Court correctly denied the petition insofar as it sought leave to serve a late notice of claim on behalf of Garry, individually. Whether the District is correct or incorrect in its argument that Garry's application was untimely (*see Nardi v County of Westchester*, 18 AD3d 521, 522 [2005]), the proposed notice of claim is simply insufficient with respect to any claim by Garry in his individual capacity. A notice of claim against a school district must satisfy the requirements of General Municipal Law § 50-e (*see* Education Law § 3813). Those requirements include statements of both "the nature of the claim" and "the items of damage or injuries claimed to have been sustained" (General Municipal Law § 50-e [2]). With respect to the individual claim made by Garry, however, the proposed notice of claim specifies neither. As a result, leave to serve it was properly denied.

There are no issues of timeliness or sufficiency, however, with respect to the claims made by Garry on behalf of Melissa, since the statute of limitations as to those claims was tolled by reason of Melissa's infancy (*see* CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 259 [1980]) and the proposed notice sets forth all of the requisite elements of her claims. The determination to permit the service of a late notice of claim on behalf of Melissa is therefore addressed to the discretion of the court (*see* Education Law § 3813 [2-a]; *Matter of Alexander v Board of Educ. for Vil. of Mamaroneck*, 18 AD3d 654 [2005]).

In determining whether to permit the service of a late notice of claim against a school district, the court is required to consider, insofar as is relevant here, "whether the district or school or its attorney or its insurance carrier or other agent acquired actual knowledge of the essential facts constituting the claim within [three months after the accrual of the claim] or within a reasonable time thereafter," as well as "all other relevant facts and circumstances, including: whether the claimant was an infant . . . and whether the delay in serving the notice of claim substantially prejudiced the district or school in maintaining its defense on the merits" (Education Law § 3813 [2-a]). Upon consideration of these factors in the instant case, the Supreme Court improvidently exercised its discretion in

denying that branch of the petition which was for leave to serve a late notice of claim on behalf of Melissa.

Under the circumstances of this case, the District had sufficient knowledge of the relevant facts underlying Melissa's claim (*see Matter of Kelli A. v Galway Cent. School Dist.*, 241 AD2d 883, 884-885 [1997]; *see also Matter of Trusso v Board of Educ. of Jamestown City School Dist.*, 24 AD3d 1302 [2005]; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]; *cf. Matter of Doe v Madrid-Waddington Cent. School Dist.*, 232 AD2d 922 [1996]). Since the District's actual knowledge of the essential facts constituting the claim enabled it to conduct an appropriate investigation, the petitioners also carried their burden of establishing the absence of prejudice to the District (*see Catterson v Suffolk County Dept. of Health Servs.*, 49 AD3d 792 [2008]; *Matter of Corvera v Nassau County Health Care Corp.*, 38 AD3d 775, 776-777 [2007]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623 [2006]; *Matter of Tapia v New York City Health & Hosps. Corp.*, 27 AD3d 655, 657 [2006]; *Matter of Howe v Village of Trumansburg*, 169 AD2d 1018, 1019 [1991]; *cf. Matter of Bordan v Mamaroneck School Dist.*, 230 AD2d 792 [1996]). Finally, Melissa's infancy weighs in favor of granting leave. Although the infancy of the injured party is not, in itself, a reasonable excuse for the failure to serve a timely notice of claim (*see Matter of Vasquez v City of Newburgh*, 35 AD3d at 623; *Matter of Soto v Brentwood Union Free School Dist.*, 296 AD2d 552 [2002]; *Matter of Knightner v City of New York*, 269 AD2d 397 [2000]), it is a factor that the court must consider (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]).

Thus, balancing the factors that must be considered, that branch of the petition which was for leave to serve a late notice of claim on behalf of Melissa should have been granted. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.