In the Matter of KEVIN RAMIREZ et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [787 NYS2d 71]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the County of Nassau and Nassau University Medical Center appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau

County (Alpert, J.), entered November 21, 2003, as granted that branch of the petitioners' motion which was for leave to serve a late notice of claim on behalf of the infant, Kevin Ramirez.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the motion which was for leave to serve a late notice of claim on behalf of the infant petitioner. General Municipal Law § 50-e (5) instructs the court to consider certain factors, including whether (1) an infant is involved, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Flores v County of Nassau, 8 AD3d 377, 378 [2004], lv denied 3 NY3d 606 [2004]).

The infant petitioner was born at the defendant Nassau University Medical Center. The petitioners alleged that the infant sustained damage to his brain during delivery which resulted in, inter alia, cerebral palsy, and that the appellants misdiagnosed the infant as having a congenital brain malformation. The petitioners presented a reasonable excuse for failing to serve a timely notice of claim. Moreover, the appellants had actual knowledge of the claim because they possessed the infant's medical records (see Matter of Staley v Piper, 285 AD2d 601 [2001]; Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671 [1991]; Matter of Charles v New York City Health & Hosps. Corp., 166 AD2d 526 [1990]; Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, 152 [1985]). Furthermore, under the circumstances, we are unpersuaded by the appellants' claim of prejudice. Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.