■ In the Matter of DENIS VICENTE RIVERA-GUALLPA et al., Respondents, v COUNTY OF NASSAU, Appellant, and NASSAU HEALTH CARE CORPORATION, Respondent. [836 NYS2d 288]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim, the County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered March 28, 2006, as granted that branch of the petitioners' application which was for leave to serve a late notice of claim upon it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the petitioners' application which was for leave to serve a late notice of claim upon the appellant.

General Municipal Law § 50-e (5) requires the court to consider certain factors in determining whether to grant leave to serve a late notice of claim, including whether (1) an infant is involved, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Ramirez v County of Nassau*, 13 AD3d 456 [2004]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]).

The appellant possessed the petitioners' medical records from the time of the alleged malpractice and therefore had actual notice of the essential facts underlying the claim. Moreover, the petitioners demonstrated the absence of substantial prejudice as a result of the delay (*see Matter of Tapia v New York City Health & Hosps. Corp.*, 27 AD3d 655 [2006]; *Matter of Ramirez v County of Nassau, supra*; *Matter of Flores v County of Nassau, supra*; *Matter of McLaughlin v County of Albany*, 258 AD2d 778 [1999]; *Matter of McMillan v City of New York*, 279 AD2d 280 [2001]).

Finally, as there was actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim upon the appellant (*see Matter of Hendershot v Westchester Med. Ctr.*, 8 AD3d 381, 382 [2004]). Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.