■ In the Matter of DOROTHY BENJAMIN, as Mother and Natural Guardian of ZANIYA ORELLANA, an Infant, Respondent, v NASSAU HEALTH CARE CORPORATION, Appellant. [31 NYS3d 115]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Nassau Health Care Corporation appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated January 14, 2014, which granted the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim. In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider all relevant factors, including whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim,

(2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Ramirez v County of Nassau*, 13 AD3d 456, 457 [2004]).

Here, the claim involves an infant who is alleged to have sustained brain damage due to a delay in her delivery by emergency cesarean section performed at a facility operated by the appellant. The petitioner established that the appellant had actual knowledge of the essential facts constituting the claim by virtue of its possession of the infant's medical records, which detail her delivery and post-natal care, and established that the delay in serving the notice of claim would not substantially prejudice the appellant in maintaining its defense on the merits. Under those circumstances, the fact that the petitioner could not show a reasonable excuse for the delay does not bar the granting of leave to serve a late notice of claim upon the appellant (*see Matter of Joy v County of Suffolk*, 89 AD3d 1025, 1027 [2011]; *Matter of Rivera-Guallpa v County of Nassau*, 40 AD3d 1001, 1002 [2007]; *Matter of Corvera v Nassau County Health Care Corp.*, 38 AD3d 775, 776-777 [2007]; *Matter of Tapia v New York City Health & Hosps. Corp.*, 27 AD3d 655, 656-657 [2006]; *Matter of West v New York City Health & Hosps. Corp.*, 195 AD2d 517, 518 [1993]). Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.