15-3813-cv
Tyk v. Surat

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

**PRESENT:**

> **DENNIS JACOBS,**
> **ROBERT D. SACK,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

_____

**Aaron Tyk,**

> *Plaintiff-Appellant*,

> **v.**                                              **15-3813**

**Police Officer Eric Surat, in his personal individual capacity in addition to his capacity as an employee of the New York Police Department and the City of New York, The City of New York,**

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**          Aaron Tyk, pro se, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**          Emma Grunberg, Assistant Corporation Counsel, for Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Aaron Tyk, a lawyer appearing pro se, appeals from the district court's grant of summary judgment to Appellees Eric Surat and the City of New York. Tyk sued under 42 U.S.C. § 1983 for malicious prosecution, selective enforcement in violation of the Equal Protection clause, and excessive force. He also brought state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).

Tyk failed to raise an issue of material fact bearing on his claims of malicious prosecution and selective enforcement. Importing New York law, the elements of malicious prosecution under § 1983 are: "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, [] (4) that the prosecution was terminated in the plaintiff's favor . . . [and] (5) [that there was] a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (internal citations and quotation marks omitted).

The district court reasoned that Surat did not initiate Tyk's prosecution. But issuing a

desk appearance ticket ("DAT") initiates a prosecution. *See Stampf v. Long Island. R.R.*, 761 F.3d 192, 199 (2d Cir. 2014). Officer Surat therefore initiated Tyk's prosecution when he arrested Tyk and issued him a DAT.

We may affirm, however, on grounds not relied upon by the district court, *United States v. Cramer*, 777 F.3d 597, 603 (2d Cir. 2015), and Tyk failed to offer evidence that Surat lacked probable cause. "Probable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Boyd v. City of New York.*, 336 F.3d 72, 76 (2d Cir. 2003) (citation omitted). As the district court observed, there is no genuine dispute that Surat had probable cause to issue the DAT. At Tyk's criminal trial, Surat testified that before arresting Tyk, he interviewed three hospital security staff members about the incident and saw that one of them had red marks on the nose. This was sufficient to establish a reasonable basis to believe Tyk was guilty of reckless endangerment, harassment, and disorderly conduct. *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." (citation omitted)). The police report further reflects that a hospital security guard reported to Surat that he had repeatedly asked Tyk to leave hospital property, supplying Surat with probable cause to arrest Tyk for trespass. Tyk argues that Surat nevertheless lacked probable cause because he failed to examine the security footage. But "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).

Nor did Tyk adduce evidence of selective enforcement. A claim for selective enforcement in violation of the Equal Protection Clause requires that the plaintiff show "(1) [that] the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004) (citation omitted) (alteration in original). Tyk alleged that he was not permitted to file a cross-criminal complaint against D'Atri and the other hospital security guards. But there is no constitutional right to prosecute another person. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (no standing when challenging the non-prosecution of another). Moreover, Tyk did not offer any evidence that he was discriminated against on the basis of any impermissible consideration. Although Tyk mentions his "orthodoxy" in his brief, he did not raise religious bias before the district court. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks and citation omitted)).

Tyk's claim of excessive force was properly dismissed due to lack of admissible evidence of injury. The Fourth Amendment governs claims involving excessive force during an arrest. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Such claims are evaluated under an "objective reasonableness" standard and require a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396, 399 (internal quotation marks omitted). Tyk's excessive force claim fails because he does not show that Surat used any degree of force that was more than necessary to

effect a lawful arrest. Officers are entitled to use some degree of force when restraining a suspect during an arrest. *See id.* at 396 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." (citation omitted)). The district court did not abuse its discretion by excluding Dr. Irving Friedman's report regarding Tyk's alleged injuries and Tyk offered no other admissible evidence that Surat used an unreasonable degree of force in handcuffing Tyk.

Because Tyk has not established an underlying violation of his constitutional rights, his § 1983 claims against the City necessarily fail. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

The district court also properly dismissed Tyk's state law claims. Under New York State law, a plaintiff must file a notice of claim within 90 days after the claim arises to sue a municipality. N.Y. Gen. Mun. Law § 50-e(1)(a). "A late notice of claim served without leave of the court is a nullity." *Chtchannikova v. City of New York*, 138 A.D.3d 908, 909 (2d Dep't 2016); *see also Williams v. Nassau Cty. Med. Ctr.*, 6 N.Y.3d 531, 535 (2006); N.Y. Gen. Mun. Law § 50-e(5). Tyk's arguments concerning prejudice and actual notice are misplaced because Tyk never sought leave in the first place. *See In re Rivera-Guallpa v. Cty. of Nassau*, 40 A.D.3d 1001, 1002 (2d Dep't 2007) (applying the prejudice and actual notice review only after the plaintiff requested leave to file a late notice of claim).

5

We have considered all of Tyk's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk