■ WASHINGTON CIFUENTES et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants, et al., Defendant. [840 NYS2d 433]—

In an action to recover damages for medical malpractice in which the plaintiffs' decedent, Luis Cifuentes, moved for leave to serve a late notice of claim, the defendants New York City Health and Hospitals Corporation and Ernest Kirchman appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated May 8, 2006, as granted that branch of the plaintiffs' motion which was for leave to serve a late notice of claim and denied their cross motion to dismiss the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants acknowledge that the deceased plaintiff timely commenced the instant action and moved for leave to serve a late notice of claim. Upon his death on October 15, 2003, while this action and his motion were pending, all proceedings on the motion were stayed pending the substitution of a legal representative. Accordingly, an order dated December 24, 2003, denying the motion with leave to renew was a nullity (see Hicks v Jeffrey, 304 AD2d 618 [2003]). As noted by the Supreme Court, upon the substitution of the decedent's administrators for the plaintiff's decedent, the stay was vacated, and the Supreme Court could determine the original timely motion for leave to serve a late notice of claim. CPLR 210 (a) is inapplicable here on the ground that the instant action was commenced and the motion for leave to serve a late notice of claim was made while the plaintiff's decedent was still alive.

The Supreme Court providently exercised its discretion in granting leave to serve a late notice of claim based upon evidence that the plaintiffs' decedent had reasonable excuses for

his failure to serve a timely notice of claim, medical records indicating that the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and evidence of an absence of prejudice from the delay (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]).

The plaintiffs' decedent's delay was attributable to the fact that he did not learn that his cancer recurred until five months after the appellants' treatment of him terminated (*see Casias v City of New York*, 39 AD3d 681 [2007]). Thereafter, he suffered a recurring debilitating illness and had difficulty in retaining counsel.

To provide actual knowledge of the facts constituting the claim, medical records must "suggest injury attributable to malpractice" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]). Where malpractice is apparent from an independent review of the medical records, those records constitute "actual notice of the pertinent facts" (*Greene v New York City Health & Hosps. Corp.*, 35 AD3d 206, 207 [2006]). The plaintiff's decedent's medical records state that the plaintiff's decedent was diagnosed with invasive squamous cell carcinoma which invaded skeletal muscle and an area with peripheral nerves. The records further indicate that Dr. Richard Mackool directed the attending physician Dr. Ernest Kirchman to refer the plaintiffs' decedent for an oncology consultation on the ground that he "could possibly benefit from radiation." There is also a referral form in the medical records which the appellants claim was given to the plaintiff's decedent. However, the referral form is unsigned and has no appointment date on it.

The plaintiffs contend that, in the opinion of their medical expert, the medical records indicate that it was a departure from accepted medical practice to fail to provide radiation and chemotherapy "prior to or after his surgeries . . . based on the type, size and location of the tumors from which Mr. Cifuentes suffered and the manner in which the tumor involved the nerves in his arm."

With respect to prejudice, it appears that the attending physician Dr. Kirchman is still employed by the New York City Health and Hospitals Corporation and, although Dr. Mackool is no longer in the employ of that entity, there is no indication in the record that he is "actually unavailable" (*Greene v New York City Health & Hosps. Corp., supra*; *Matter of McMillan v City of New York*, 279 AD2d 280 [2001]). Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.