In the Matter of SEBASTIAN GODOY, Respondent, v NASSAU HEALTH CARE CORPORATION, Appellant. [855 NYS2d 168]—

The Supreme Court providently exercised its discretion in granting leave to serve a late notice of claim alleging medical malpractice based upon evidence that the appellant acquired actual knowledge of the essential facts constituting the medical malpractice that allegedly occurred on the date of the petitioner's birth. Where the alleged malpractice is apparent from an independent review of the medical records, those records constitute "actual knowledge of the facts constituting the claim" (*Cifuentes v New York City Health & Hosps. Corp.,* 43 AD3d 385, 386 [2007]). In support of the application, the petitioner submitted medical records (*see Matter of Rivera-Guallpa v County of Nassau,* 40 AD3d 1001 [2007]; *Matter of Corvera v Nassau County Health Care Corp.,* 38 AD3d 775, 776 [2007]; *Matter of Tomlinson v New York City Health & Hosps. Corp.,* 190 AD2d 806 [1993]) and an affirmation of a physician who reviewed the records and concluded that there had been a departure from accepted medical practice (*see Williams v Nassau County Med. Ctr.,* 6 NY3d 531, 537 [2006]; *Cifuentes v New York City Health & Hosps. Corp.,* 43 AD3d 385, 386 [2007]; *Matter of Rios v Westchester County Healthcare Corp.,* 32 AD3d 540, 542 [2006]). In the opinion of the petitioner's expert, the medical records indicated, inter alia, that an alleged delay in transferring the petitioner from Nassau University Medical Center to Schneider Children's Hospital of Long Island Jewish

Medical Center was a departure from accepted standards of medical care and that this delay proximately caused or contributed to the petitioner's injuries.

Considering the overall circumstances present here, including the nature of the injuries and the mother's natural predisposition to be concerned first with her child's medical condition, the 16-month delay in serving a notice of claim was properly excused (*see Matter of Gallino v Village of Shoreham*, 222 AD2d 506 [1995]; *Matter of Holmes v New York City Hous. Auth.*, 201 AD2d 650, 651 [1994]; *Matter of Brown v New York City Hous. Auth.*, 194 AD2d 667, 668 [1993]).

Moreover, given that the appellant had actual knowledge of the facts constituting the medical malpractice claim and that the attending physician is still employed by the appellant, the appellant will not be substantially prejudiced by the delay (*see Cifuentes v New York City Health & Hosps. Corp.*, 43 AD3d at 386; *Matter of Corvera v Nassau County Health Care Corp.*, 38 AD3d 775, 777 [2007]; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671 [1991]). Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.