■ FRANKLIN R. GONZALEZ, Respondent, v COUNTY OF NASSAU, Appellant. [867 NYS2d 920]—

In exercising its discretion in determining whether to permit late service of a notice of claim, a court must consider all relevant circumstances, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134, 1135 [2008]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 831 [2008]). The presence or absence of any one factor, including the absence of a reasonable excuse, is not necessarily fatal (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134, 1135 [2008]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's cross motion which was for leave to serve a late notice of claim. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.