In the Matter of AJAY KUMAR, Individually and as Parent and Natural Guardian of RAJAN KUMAR, an Infant, Respondent, v WESTCHESTER COUNTY HEALTH CARE CORPORATION et al., Appellants. [912 NYS2d 88]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Westchester County Health Care Corporation, Westchester Medical Center, and WMC-CS, Inc., appeal from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated February 18, 2009, which granted the petition, and (2) an order of the same court dated September 30, 2009, which denied their motion for leave to renew their opposition to the petition.

Ordered that the orders are affirmed, with one bill of costs to the petitioner.

The Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim upon Westchester County Health Care Corporation, Westchester Medical Center, and WMC-CS, Inc. (hereinafter collectively WCHCC). While the Supreme Court correctly determined that the petitioner did not have a reasonable excuse for failing to serve a notice of claim within 90 days of the accrual of the claim, the absence of a reasonable excuse is not necessarily fatal where the municipal corporation had actual notice of the essential facts constituting the claim, and there is no evidence that WCHCC was prejudiced in its ability to maintain a defense (*see Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134 [2008]; *Matter of Feroz v City of New York*, 8 AD3d 275 [2004]; *Matter of Nieves v Girimonte*, 309 AD2d 753 [2003]).

Here, the petitioner demonstrated that WCHCC had actual knowledge of the essential facts constituting the claim, as it had knowledge of the facts underlying the legal theory on which its liability is predicated. WCHCC did not need to have specific notice of the theory itself (*see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776 [2010]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]). The medical records generated by WCHCC suggested injury attributable to malpractice (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Cifuentes v New York City Health & Hosps. Corp.*, 43 AD3d 385 [2007]), as an operative report dated July 19, 2007, indicates that an incision was made to the trachea of the petitioner's infant son for the insertion of a tracheotomy tube, and an operative report dated September 19, 2007, indicates, for the first time, fractures to the infant's anterior tracheal rings. In opposition to the petition, WCHCC failed to submit any evidence to suggest that fractured tracheal rings could be attributed to a cause other than malpractice.

Furthermore, there was no evidence that WCHCC would be prejudiced in the defense of this action if leave were granted to serve a late notice of claim. Although three of the doctors involved in the infant's care have now left the employ of WCHCC, there is no indication in the record that they are actually unavailable (*see Cifuentes v New York City Health & Hosps. Corp.*, 43 AD3d 385 [2007]; *Greene v New York City Health & Hosps. Corp.*, 35 AD3d 206 [2006]; *Matter of McMillan v City of New York*, 279 AD2d 280 [2001]). Moreover, Drs. Roger

Salisbury and Craig Zalvan, who actually performed the procedures at issue, are still employed by WCHCC.

The Supreme Court also did not improvidently exercise its discretion in denying WCHCC's motion for leave to renew. The facts contained in the expert affirmation submitted by WCHCC in connection with its motion for leave to renew were known to it at the time of the original motion, as all of those facts were included in its medical records. Accordingly, WCHCC failed to offer a reasonable justification for failing to present the expert affirmation on the original motion (*see* CPLR 2221 [e]; *Smith v State of New York*, 71 AD3d 866, 868 [2010]; *Caraballo v Kim*, 63 AD3d 976 [2009]; *Elliot v Long Is. Home, Ltd.*, 12 AD3d 481 [2004]). Furthermore, nothing contained in the expert affirmation would change the prior determination (*see New York Tel. Co. v Supervisor of Town of N. Hempstead*, 76 AD3d 517 [2010]; *Siculan v Koukos*, 74 AD3d 946 [2010]; *Reshevsky v United Water N.Y., Inc.*, 46 AD3d 532 [2007]). Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.