■ In the Matter of LIDIA FOUTO, Appellant, v CITY OF YONKERS, Respondent. [919 NYS2d 883]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Adler, J.), entered April 27, 2010, which denied the petition.

Ordered that the order is affirmed, with costs.

In determining whether leave to serve a late notice of claim should be granted, a court shall consider, as key factors, whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (3) the claimant was an infant, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838 [2008]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]; *Matter of March v Town of Wappinger*, 29 AD3d 998 [2006]; *Gibbs v City of New York*, 22 AD3d 717 [2005]). Here, the petitioner's conclusory assertions failed to establish a reasonable excuse for her failure to serve a timely notice of claim, and neither the police call report nor the accident reports filed by the skating rink manager were sufficient to charge the City of Yonkers with actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter. Moreover, the petitioner failed to demonstrate that the delay in moving for leave to serve a late notice of claim did not substantially prejudice the City's ability to maintain a defense on the merits. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.