■ JEFFREY ENRIQUE FLORES CASTANEDA, an Infant, by His Father and Natural Guardian, ENRIQUE FLORES, Respondent, v NASSAU HEALTH CARE CORPORATION et al., Appellants. [933 NYS2d 64]—

The infant plaintiff was born on May 14, 2007, at the defendant Nassau University Medical Center. He was delivered preterm with a gestational age of 32 weeks by cesarean section. He was transferred to the neonatal intensive care unit because, inter alia, he suffered from respiratory distress. After 25 days, on June 8, 2007, the infant plaintiff was discharged. At the time of his discharge, the infant plaintiff suffered from several medical problems, including periventricular leukomalacia. The infant plaintiff's mother was advised by medical personnel that he may experience developmental delays. A notice of claim was served on the defendants on January 30, 2009, which was beyond the 90-day period set forth in General Municipal Law § 50-e (1) (a).

After the plaintiff commenced this action to recover damages for medical malpractice, the plaintiff moved pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the defendants and the defendants cross-moved to dismiss the complaint for failure to serve a timely notice of claim. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. We affirm.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the defendants. In exercising its discretion whether to grant leave to serve a late notice of claim, the court shall consider various factors that include the following: (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in maintaining its defense on

the merits; (3) whether the claimant was an infant; and (4) whether the claimant demonstrated a reasonable excuse for the delay (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Fouto v City of Yonkers*, 83 AD3d 708 [2011]).

Here, the plaintiff demonstrated that the defendants had actual knowledge of the essential facts constituting the claim, as the medical records provided knowledge of the facts and suggested injury attributable to malpractice (*see Matter of Kumar v Westchester County Health Care Corp.*, 78 AD3d 1054, 1055 [2010]; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134, 1135 [2008]; *Matter of Godoy v Nassau Health Care Corp.*, 49 AD3d 541, 542-543 [2008]; *Cifuentes v New York City Health & Hosps. Corp.*, 43 AD3d 385, 386 [2007]). Moreover, there was no evidence that the defendants would be substantially prejudiced if leave was granted to serve a late notice of claim. While two of the treating physicians no longer work for the defendants, there was no indication that they were unavailable (*see Perez v New York City Health & Hosps. Corp.*, 81 AD3d 448, 449 [2011]; *Matter of Kumar v Westchester County Health Care Corp.*, 78 AD3d at 1055).

In light of the above, the Supreme Court also properly denied the defendants' cross motion to dismiss the complaint for failure to timely serve a notice of claim. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.