■ In the Matter of LIAQUAT A. KHAN, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents, et al., Respondents. [24 NYS3d 163]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or, in the alternative, to deem a proposed notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated July 31, 2014, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the petition which is to deem the proposed notice of claim timely served nunc pro tunc is granted, and that branch of the petition which is for leave to serve a late notice of claim is denied as unnecessary.

The petitioner alleges that, on November 21, 2012, Coney Island Hospital transferred him via ambulance to the respondent Kings County Medical Center (hereinafter KCMC) for evaluation and treatment of his right foot, which had been injured in a fall four days earlier. According to KCMC's medical records, upon admission, the petitioner had an ischemic right foot, that is, a deficient supply of blood was getting to the foot, and a surgical consult was ordered. The respondent surgeon, Timothy Carter, examined the petitioner's right foot approximately eight hours after the petitioner's admission to KCMC and determined that immediate surgical and/or medical intervention could not effectively treat the petitioner's ischemic right foot. The petitioner was informed that he would most likely require a foot amputation and he was immediately discharged with instructions to follow up at KCMC's vascular clinic in seven days. The petitioner alleged that, during the week following his discharge from KCMC, the pain, swelling, and numbness in his right foot increased. According to the

petitioner, he returned to KCMC after that seven-day period and, because the vascular clinic staff did not have a record of his scheduled appointment, he was not seen there. Later that same day, the petitioner was admitted to Maimonides Medical Center (hereinafter Maimonides), where he immediately underwent diagnostic testing, and the Maimonides physicians attempted to increase the blood flow to the right foot through various medical and surgical interventions. These attempts were ultimately unsuccessful and, in March 2013, approximately four months after the petitioner had been admitted to KCMC, he underwent a partial amputation of his right foot.

On March 5, 2014, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim alleging, inter alia, medical malpractice against the respondents, or, in the alternative, to deem a proposed notice of claim timely served nunc pro tunc. The petitioner contended that the respondents' failure to provide him with timely and proper treatment allowed his right foot to worsen and eventually require partial amputation. The Supreme Court denied the petition and, in effect, dismissed the proceeding. We reverse.

A court, in exercising its discretion as to whether to grant leave to serve a late notice of claim, shall consider various factors that include the following: (1) whether the public corporation has acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in defending on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Castaneda v Nassau Health Care Corp.*, 89 AD3d 782, 782-783 [2011]; *Matter of Fouto v City of Yonkers*, 83 AD3d 708, 708 [2011]; *Matter of Kaur v New York City Health & Hosps. Corp.*, 82 AD3d 891, 891-892 [2011]).

In a proceeding pursuant to General Municipal Law § 50-e (5) against a public hospital, to establish actual knowledge of the essential facts constituting the claim, it is not enough for the petitioner to show that the respondent possessed or maintained medical records. The medical records must also "suggest injury attributable to malpractice" (*Williams v Nassau County Med. Ctr.*, 6 NY3d at 537).

Here, the Supreme Court improvidently exercised its discretion in denying the petition (*see Matter of Hendershot v Westchester Med. Ctr.*, 8 AD3d 381, 382 [2004]; *see also Gibbs v City*

of New York, 22 AD3d 717, 719 [2005]; Medley v Cichon, 305 AD2d 643, 644 [2003]). The petitioner contends that the respondents committed medical malpractice by failing to perform certain diagnostic tests and medical and surgical intervention to restore blood flow to his right foot and save it from amputation. The respondents acquired notice of the essential facts of this claim well within 90 days after the claim arose (see Cifuentes v New York City Health & Hosps. Corp., 43 AD3d 385, 386 [2007]). KCMC's medical records show that the petitioner's right foot had an ischemic injury with arterial blockage, and that the KCMC's doctors determined that surgical or medical intervention at that time was unavailing and that amputation was likely. Since the respondents had actual knowledge of the essential facts constituting the petitioner's claim by virtue of KCMC's medical records, the respondents will not be prejudiced by the delay in the service of the notice of claim (see Gibbs v City of New York, 22 AD3d at 719; Owens v New York City Health & Hosps. Corp., 271 AD2d 514, 515 [2000]). Further, all the health care provider respondents are either still employed at KCMC or practice in Brooklyn, and the respondents have not alleged that there are any witnesses who are no longer available to testify.

Although the petitioner lacked a reasonable excuse for his failure to timely serve his notice of claim, the lack of a reasonable excuse is not dispositive when, as here, there is timely actual notice and the absence of prejudice (see Matter of March v Town of Wappinger, 29 AD3d 998, 999 [2006]; Matter of Hendershot v Westchester Med. Ctr., 8 AD3d at 382).

Accordingly, the Supreme Court should have granted that branch of the petition which was to deem the proposed notice of claim timely served nunc pro tunc. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.