In a proceeding pursuant to General Municipal Law § 50-e (5) to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated January 5, 2015, as, upon renewal and reargument, vacated the determination in an order of the same court dated March 13, 2014, granting the petition, and thereupon denied the petition.
 

 Ordered that the order dated January 5, 2015, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and, upon renewal and reargument, the determination in the order dated March 13, 2014, granting the petition, is adhered to.
 

 In December 2012, after the petitioner’s decedent was diagnosed with invasive squamous cell carcinoma of the cervix, the decedent underwent a hysterectomy at Nassau University Medical Center, which is operated by the respondent Nassau Health Care Corporation (hereinafter NHCC). It was noted in NHCC’s records that the size and depth of the decedent’s tumor could not be determined. Following the surgery, it was not recommended that the decedent undergo radiation and/or chemotherapy. Four months later, the decedent was diagnosed with multiple metastases of her cervical cancer, and she was advised to undergo radiation and/or chemotherapy. According to NHCC’s records, on May 1, 2013, NHCC’s “tumor board” had a discussion about the decedent’s tumor. Also on about May 1, 2013, the decedent discontinued treatment with NHCC, and sought further treatment elsewhere.
 

 On January 13, 2014, the decedent served an untimely notice of claim upon NHCC regarding a claim to recover damages for medical malpractice. The decedent subsequently commenced this proceeding pursuant to General Municipal Law § 50-e (5) to deem the notice of claim to have been timely served nunc pro tunc. In an order dated March 13, 2014, the Supreme Court granted the petition. In an order dated January 5, 2015, the court, upon renewal and reargument, vacated the determination in the order dated March 13, 2014, granting the petition, and thereupon denied the petition on the ground that the decedent failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim because she failed to submit an affidavit attesting to her physical or medical condition creating an inability to timely serve a notice of claim. The petitioner appeals from the order dated January 5, 2015.
 

 “In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, [the] court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim” (Matter of Weaver v City of New York, 138 AD3d 873, 874 [2016]; see General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]). “ ‘While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance’ ” (Randolph v Westchester Med. Ctr., 122 AD3d 822, 823 [2014], quoting Matter of Iacone v Town of Hempstead, 82 AD3d 888, 888-889 [2011]; see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]).
 

 “Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury” (Williams v Nassau County Med. Ctr., 6 NY3d at 537). “Where the alleged malpractice is apparent from an independent review of the medical records, those records constitute ‘actual knowledge of the facts constituting the claim’ ” (Matter of Godoy v Nassau Health Care Corp., 49 AD3d 541, 542 [2008], quoting Cifuentes v New York City Health & Hosps. Corp., 43 AD3d 385, 386 [2007]).
 

 Here, in support of the petition, the decedent submitted medical records and an affidavit of a physician who reviewed the records and concluded that there had been a departure from accepted medical practice (see Matter of Godoy v Nassau Health Care Corp., 49 AD3d at 542; Cifuentes v New York City Health & Hosps. Corp., 43 AD3d at 386; cf. Williams v Nassau County Med. Ctr., 6 NY3d at 537). Inasmuch as the medical records, upon independent review, suggested injury attributable to malpractice, they provided NHCC with actual knowledge of the essential facts constituting the claim (see Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942 [2016]; Castaneda v Nassau Health Care Corp., 89 AD3d 782, 783 [2011]; Cifuentes v New York City Health & Hosps. Corp., 43 AD3d 385, 385-386 [2007]). Furthermore, the petitioner made an initial showing that NHCC would not suffer any prejudice by the delay in serving a notice of claim, and NHCC failed to rebut the petitioner’s showing with particularized indicia of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466-467 [2016]; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d at 942; Gibbs v City of New York, 22 AD3d 717, 719 [2005]). Finally, the lack of a reasonable excuse is not dispositive where there is actual notice and absence of prejudice (see Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d at 942; Matter of March v Town of Wappinger, 29 AD3d 998, 999 [2006]; Matter of Hendershot v Westchester Med. Ctr., 8 AD3d 381, 382 [2004]).
 

 Accordingly, upon renewal and reargument, the Supreme Court should have adhered to the prior determination in the order dated March 13, 2014, granting the petition to deem the late notice of claim timely served nunc pro tunc.
 

 Balkin, J.P., Hall, Sgroi and Cohen, JJ., concur.