Matter of Leon v New York City Health & Hosps. Corp. (2018 NY Slip Op 05165)





Matter of Leon v New York City Health & Hosps. Corp.


2018 NY Slip Op 05165


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-09820
 (Index No. 701064/15)

[*1]In the Matter of Jessica Leon, respondent, 
v
New York City Health & Hospitals Corporation, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for appellant.
Michael J. Aviles & Associates, LLC, New York, NY (Natascia Ayers of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim and to deem a notice of claim dated September 9, 2014, timely served nunc pro tunc, New York City Health & Hospitals Corporation appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered April 9, 2015. The order granted the petition.
ORDERED that the order is affirmed, with costs.
In December 2013, the petitioner went to the emergency room at Elmhurst Hospital (hereinafter the hospital), which is owned and operated by the appellant, New York City Health & Hospitals Corporation, complaining of headaches, pain, swelling, and the formation of a mass on the left side of her face. She told the emergency room physician that, about one month earlier, she had a biopsy performed on a lesion located on her left cheek, and that it was determined to be cancerous. The emergency room physician determined that the petitioner had an infection, drained the abscess found in her cheek, and released her the same day with antibiotics and instructions to return to the emergency room for a wound check in two days. When the petitioner returned two days later, she was told to continue treating the infection, and was released with instructions to follow up with the hospital's dermatology department for another wound check. Several days later, the petitioner went to the hospital's dermatology department and a physician there told her that, according to the pathology report of her biopsy, the cancerous lesion had been completely removed. The physician noted in the petitioner's chart that her infection had not much improved despite two courses of antibiotics, referred her to the plastic surgery department for corrective scar revision if she so desired, and directed her to return to the dermatology department in six months. The physician noted in the petitioner's chart that he had reviewed the biopsy report and that it indicated that the cancerous lesion had been completely excised.
The petitioner did not go to the plastic surgery department. In April 2014, when her wound still had not healed, she sought treatment at Long Island Jewish Medical Center, where she learned that she had a cancerous tumor in the area where the biopsy had been performed. She underwent surgery, an unsuccessful skin graft, reconstructive surgery, and radiation treatments. In September 2014, she filed an untimely notice of claim against the appellant alleging, inter alia, [*2]medical malpractice.
Thereafter, in November 2014, the plaintiff commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the appellant and to deem the September 2014 notice of claim timely served nunc pro tunc. The petitioner included with her petition, inter alia, the biopsy report, medical records of the hospital, and the affirmation of her medical expert who opined that the biopsy report itself showed that the entire tumor had not been excised. The Supreme Court granted the petition in its entirety. We affirm.
The decision to grant leave to serve a late notice of claim is within the sound discretion of the Supreme Court (see Matter of Corvera v Nassau County Health Care Corp., 38 AD3d 775, 776). The criteria a court must consider in determining whether to exercise its discretion to allow a late notice of claim include: (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in maintaining its defense on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for the delay (see GML § 50-e[5]; Matter of Fouto v City of Yonkers, 83 AD3d 708, 708; Matter of Kaur v New York City Health & Hosps. Corp., 82 AD3d 891, 891-892). "Actual knowledge of the essential facts [constituting the claim, in particular,] is an important factor in determining whether to grant an extension, and should be accorded great weight" (Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.], 74 AD3d 713, 713). However, the presence or absence of any one of these factors is not necessarily dispositive (see Matter of Kumar v Westchester County Health Care Corp., 78 AD3d 1054, 1055; Gonzalez v County of Nassau, 57 AD3d 480, 480).
"Where the alleged malpractice is apparent from an independent review of the medical records, those records constitute actual knowledge of the facts constituting the claim'" (Matter of Godoy v Nassau Health Care Corp., 49 AD3d 541, 542, quoting Cifuentes v New York City Health & Hosps. Corp., 43 AD3d 385, 386). Here, in support of her petition, the petitioner submitted medical records and an affirmation of a physician who reviewed the medical records and concluded, inter alia, that there had been a departure from accepted medical practice. Inasmuch as the medical records show that the hospital failed to confirm that the plaintiff's tumor had been completely removed, they provided the appellant with actual knowledge of the essential facts constituting the claim (see Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256; Matter of Godoy v Nassau Health Care Corp., 49 AD3d at 542). Furthermore, the petitioner made an initial showing that the appellant would not suffer any prejudice by the delay in serving a notice of claim, and the appellant failed to rebut the petitioner's showing with particularized indicia of prejudice (see Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 873; Gibbs v City of New York, 22 AD3d 717, 719-720). Finally, the lack of a reasonable excuse is not dispositive where there is actual notice and absence of prejudice (see Matter of Breslin v Nassau Health Care Corp., 153 AD3d at 1258; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942). In any event, the petitioner demonstrated that her extensive medical treatment during the time period at issue constitutes a reasonable excuse for the delay (see Ruiz v New York City Health & Hosps. Corp., 165 AD2d 75, 82).
Accordingly, the Supreme Court providently exercised its discretion in granting the petition and deeming the late notice of claim timely served nunc pro tunc.
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court