Ballantine v Pine Plains Hose Co., Inc. (2018 NY Slip Op 07697)





Ballantine v Pine Plains Hose Co., Inc.


2018 NY Slip Op 07697


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-07423
 (Index No. 50599/17)

[*1]Luane Ballantine, respondent, 
v
Pine Plains Hose Company, Inc., et al., appellants, et al., defendant.


Taddeo & Shahan, LLP, Syracuse, NY (Steven C. Shahan of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Pine Plains Hose Company, Inc., Pine Plains Fire District, and Pine Plains Rescue Squad appeal from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated June 22, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e(5).
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On March 19, 2016, the plaintiff allegedly tripped and fell down a flight of stairs at a restaurant located in Dutchess County. Representatives of the defendants Pine Plains Hose Company, Inc. (hereinafter Hose Company), Pine Plains Fire District (hereinafter Fire District), and Pine Plains Rescue Squad (hereinafter Rescue Squad, and collectively with Hose Company and Fire District, the appellants), were called to the scene to provide emergency medical services. The appellants' emergency medical technician (hereinafter the EMT) assessed and provided care to the plaintiff until responsibility for her care was assumed by a paramedic employed by the defendant Northern Dutchess Paramedic, Inc. (hereinafter NDP). Upon her arrival at the hospital, the plaintiff was found by the NDP paramedic to have lost sensation in her legs. Despite surgical intervention, the plaintiff was rendered a partial quadriplegic.
The plaintiff had retained counsel within a month of the accident; however, a timely notice of claim was not served. Instead, on March 10, 2017, the plaintiff commenced this action against, among others, the appellants and moved, inter alia, for leave to serve a late notice of claim. The Supreme Court granted that branch of the motion. The appellants appeal from so much of the order as granted leave to serve a late notice of claim.
Pursuant to General Municipal Law § 50-e, a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant "within ninety days after the claim arises" (General Municipal Law § 50-e[1][a]; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). Pursuant to General Municipal Law § 50-e(5), a court may, in its discretion, extend the time to serve a notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Kellman v Hauppauge Union Free Sch. Dist., 120 AD3d 634, 635-637). In order to do so, the court "must consider all relevant circumstances, including whether the public corporation acquired actual [*2]knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Matter of Ruiz v City of New York, 154 AD3d 945, 946 [internal quotation marks omitted]; see Matter of Degraffe v New York City Tr. Auth., 160 AD3d 949). While the presence or absence of any factor is not determinative (see Bakioglu v Tornabene, 117 AD3d 658, 659; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026), whether "the public corporation acquired timely actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter is seen as a factor which should be accorded great weight in determining whether or not to grant leave to serve a late notice of claim" (Kellman v Hauppauge Union Free Sch. Dist., 120 AD3d at 635; see Matter of Degraffe v New York City Tr. Auth., 160 AD3d at 949-950).
Here, the appellants prepared and were in possession of an ambulance call report, which states that the appellants responded to an emergency call and, upon arrival, found that the plaintiff "was on floor being held up by other people. Pt. was semi-responsive; reported to have consumed 3-4 glasses of wine." The EMT assessed the plaintiff and noted no abnormalities to her head, neck, or spine, moved her onto a stretcher, loaded her into an ambulance, and administered oxygen. The EMT noted that the plaintiff had normal response in her upper body, but limited response in her lower body. He also noted that the plaintiff had a preexisting condition of scoliosis. While the plaintiff was in the ambulance, a paramedic employed by NDP assumed responsibility for the plaintiff's care.
While the ambulance call report, without more, does not establish actual knowledge of a potential injury where the record does not evince that the medical staff, by its acts or omissions, inflicted any injury (see Williams v Nassau County Med. Ctr., 6 NY3d at 537), where malpractice is apparent from an independent review of the medical records, those records constitute "actual notice of the pertinent facts" (Cifuentes v New York City Health & Hosps. Corp., 43 AD3d 385, 386 [internal quotation marks omitted]; see Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258). Here, the plaintiff submitted the expert opinions of Paul Werfel and Robert E. Todd. Werfel, a certified paramedic and professor of clinical emergency medicine at Stony Brook University, reviewed the medical records, including the appellants' ambulance report. In his affidavit, Werfel stated that, in his "opinion to a reasonable degree of EMT standards," Rescue Squad "failed to use spinal precautions and/or follow required EMT protocols as it relates to mobilizing and placing a patient on a stretcher who has a high index of having sustained a spinal cord injury." Werfel further averred that Rescue Squad and NDP failed to comply with required protocols when transferring the plaintiff to the hospital. Werfel concluded that Rescue Squad and NDP "deviated from the standard of care applicable in this case" and such deviation was a "direct and contributing cause" of the plaintiff's injuries. Upon his review of the ambulance call report, Todd, a neurologist, concluded that the failure of Rescue Squad and NDP to immobilize the plaintiff's spine "worsened her injuries from the fall." In his affidavit, Todd further stated that in his medical opinion, the plaintiff's injuries would not have been as severe if she had been immobilized, and the transportation aggravated her injuries, sending her into "spinal shock." Todd stated that "the care or lack thereof" of Rescue Squad and NDP was the "direct and proximate cause of worsening" the plaintiff's injuries. Inasmuch as the ambulance report, upon independent review, suggested injury attributable to malpractice, it provided the appellants with actual knowledge of the essential facts constituting the claim (see Matter of Breslin v Nassau Health Care Corp., 153 AD3d at 1258; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942).
Furthermore, the plaintiff made an initial showing that the appellants were not prejudiced by the delay in serving a notice of claim inasmuch as the appellants acquired actual knowledge of the essential facts of the claim via their own ambulance report (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of Breslin v Nassau Health Care Corp., 153 AD3d at 1258; K.A. v Wappingers Cent. Sch. Dist., 151 AD3d 828, 832; Matter of Kerner v County of Nassau, 150 AD3d 1234, 1237-1238; Matter of Cruz v City of New York, 149 AD3d 835, 836). In opposition, the appellants failed to make a particularized evidentiary showing that they would be substantially prejudiced if service of the late notice of claim was allowed (see Matter of [*3]Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466).
Finally, even if the excuses proffered by the plaintiff for failing to timely serve a notice of claim were not reasonable, the absence of a reasonable excuse is not in and of itself fatal to a motion for leave to serve a late notice of claim where, as here, there was actual notice and absence of prejudice (see Matter of O'Dowd v Jericho Fire Dept., 161 AD3d 981).
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for leave to serve a late notice of claim.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court