J.H. v New York City Health & Hosps. Corp. (2019 NY Slip Op 01203)





J.H. v New York City Health & Hosps. Corp.


2019 NY Slip Op 01203


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-05006
 (Index No. 4211/14)

[*1]J.H., etc., appellant, 
v
New York City Health and Hospitals Corporation (Elmhurst Hospital Center), respondent.


The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly, John J. Leen, Deborah P. Henkin, Christopher J. Lennon, and Mitchell Gittin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Scott Shorr of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 13, 2017. The order denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and granted the defendant's cross motion to dismiss the complaint for failure to timely serve a notice of claim.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was to deem a late notice of claim timely served nunc pro tunc is granted, that branch of the motion which was for leave to serve a late notice of claim is denied as unnecessary, and the defendant's cross motion to dismiss the complaint for failure to timely serve a notice of claim is denied.
The plaintiff was born via emergency cesarian section at Elmhurst Hospital Center on November 25, 2010. Two days earlier, on November 23, 2010, the plaintiff's mother, who was at 40 weeks and four days gestation, presented to the emergency room complaining of pain, diminished fetal activity, and vaginal leakage. She was discharged later that same day.
The plaintiff served the defendant, New York City Health and Hospitals Corporation (Elmhurst Hospital Center) (hereinafter the hospital), via certified mail with a notice of claim dated
August 29, 2013. The hospital acknowledged receipt of the notice of claim. In March 2014, the plaintiff, by his father and natural guardian, commenced this action, inter alia, to recover damages for medical malpractice allegedly committed by the hospital during its perinatal care and delivery of the plaintiff. According to the complaint, the plaintiff sustained brain damage, including cerebral palsy, resulting from perinatal and neonatal asphyxia allegedly caused by the malpractice of the hospital's employees. The complaint alleged that the hospital committed malpractice when it discharged the mother after she presented to the emergency room on November 23, 2010, and again when she returned to the hospital on November 25, 2010, complaining of contractions. Specifically, the plaintiff alleged that given the mother's symptoms, including hours of nonreassuring fetal heart [*2]tracing, it was a departure from good and accepted medical practice to discharge her on November 23, 2010. Moreover, the plaintiff alleged that the hospital also departed from good and accepted medical practice when it failed to expeditiously perform an emergency cesarean section as soon as the mother returned on November 25, 2010.
In September 2016, the plaintiff moved pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the notice of claim served on August 29, 2013, timely served nunc pro tunc. The plaintiff argued that the hospital had knowledge of the essential facts upon which the claim was based within the statutory 90-day period or a reasonable time thereafter by virtue of its possession of the hospital records demonstrating that its malpractice was apparent. The plaintiff further argued that by virtue of its actual knowledge, the hospital was not substantially prejudiced by any delay and that there was a reasonable excuse for the delay. The hospital cross-moved to dismiss the complaint for failure to timely serve a notice of claim. The Supreme Court denied the plaintiff's motion and granted the hospital's cross motion. The plaintiff appeals.
Service of a notice of claim is a condition precedent to bringing suit against a public corporation (see General Municipal Law § 50-e[1][a]; Matter of Zaid v City of New York, 87 AD3d 661, 662; Knox v New York City Bur. of Franchises & N.Y. City, 48 AD3d 756, 757; Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d 467, 468). General Municipal Law § 50-e(1)(a) requires the notice to be served within 90 days after the claim accrues. Late service of an original notice of claim is a nullity if made without leave of court, and the courts do not have the authority to deem that late notice of claim timely served nunc pro tunc after the statute of limitations has expired (see Browne v New York City Tr. Auth., 90 AD3d 965; Ellman v Village of Rhinebeck, 27 AD3d 414, 415; Alston v Aversano, 24 AD3d 399; Pierre v City of New York, 22 AD3d 733). Although the limitations period for commencing a tort action against a municipal corporation is one year and 90 days after the date of accrual of the cause of action (see General Municipal Law § 50-i), here, the statute of limitations has not expired since the plaintiff's infancy tolled the statute of limitations for 10 years (see CPLR 208).
The decision to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc is within the sound discretion of the Supreme Court (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Matter of Nadler v City of New York, 166 AD3d 618, 620; Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d 670, 671; Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623). "The criteria a court must consider in determining whether to exercise its discretion to allow a late notice of claim include: (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in maintaining its defense on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for the delay. Actual knowledge of the essential facts constituting the claim, in particular, is an important factor in determining whether to grant an extension, and should be accorded great weight" (Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d at 671 [citations, internal quotation marks, and brackets omitted]; see Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026; Matter of March v Town of Wappinger, 29 AD3d 998, 999). "Neither the presence nor absence of any one factor is determinative" (Matter of Jaffier v City of New York, 148 AD3d at 1022; see Matter of Joy v County of Suffolk, 89 AD3d at 1026; Matter of Kumar v Westchester County Health Care Corp., 78 AD3d 1054; Gonzalez v County of Nassau, 57 AD3d 480). "The absence of a reasonable excuse is not necessarily fatal" (Matter of Jaffier v City of New York, 148 AD3d at 1022; see Matter of Joy v County of Suffolk, 89 AD3d at 1027).
" Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury'" (Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1257-1258, quoting Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672). "Where the alleged malpractice is apparent from an independent review of the medical records, those records constitute actual [*3]knowledge of the facts constituting the claim" (Matter of Breslin v Nassau Health Care Corp., 153 AD3d at 1258 [internal quotation marks omitted]; see Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d at 670; Matter of Godoy v Nassau Health Care Corp., 49 AD3d 541).
Here, in support of his motion, the plaintiff submitted, inter alia, medical records from the hospital and an affidavit from a physician who reviewed the medical records and concluded, among other things, that there had been a departure from accepted medical practice. The medical records demonstrated that the hospital failed to admit the plaintiff's mother to the hospital when she presented to the emergency room on November 23, 2010, notwithstanding an order in the emergency room record from a physician that the mother "was to be admitted secondary to non-reassuring fetal heart tracing." Inasmuch as the medical records, upon independent review, showed that the mother was not admitted to the hospital on November 23, 2010, despite a physician's order, and that two days later, the plaintiff was delivered one hour after the mother arrived at the hospital and only after a fetal heart monitor alarm sounded four times, they provided the hospital with actual knowledge of the essential facts constituting the claim (see Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d at 672; Matter of Breslin v Nassau Health Care Corp., 153 AD3d at 1258; Brunson v New York City Health & Hosps. Corp., 144 AD3d 854; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940).
Contrary to the Supreme Court's determination, the plaintiff made an initial showing that the hospital would not suffer any prejudice by the delay in serving a notice of claim, and the hospital failed to rebut the showing with particularized indicia of prejudice (see Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d at 672). Further, the absence of prejudice was demonstrated by virtue of the fact that the hospital had possessed timely actual knowledge of the essential facts constituting the claim (see Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870).
Where, as here, there is actual knowledge and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim (see Brunson v New York City Health & Hosps. Corp., 144 AD3d 854; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940; Gibbs v City of New York, 22 AD3d 717).
Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to deem the notice of claim served on August 29, 2013, timely served nunc pro tunc and granting the hospital's cross motion to dismiss the complaint for failure to timely serve a notice of claim.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court