Matter of Duke v Westchester Med. Ctr. (2021 NY Slip Op 04223)





Matter of Duke v Westchester Med. Ctr.


2021 NY Slip Op 04223


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-03275
2018-10649
 (Index No. 63800/17)

[*1]In the Matter of Peter P. Duke II, etc., respondent,
v
Westchester Medical Center, et al., appellants.


Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for appellants.
Silver & Kelmachter, LLP, New York, NY (Damon J. Velardi of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, Westchester Medical Center and Westchester County Health Care Corporation appeal from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated January 24, 2018, and (2) an order of the same court dated August 15, 2018. The order dated January 24, 2018, granted the petition and deemed the late notice of claim timely served nunc pro tunc. The order dated August 15, 2018, denied the motion of Westchester Medical Center and Westchester County Health Care Corporation for leave to renew their opposition to the petition.
ORDERED that the orders are affirmed, with one bill of costs.
On October 5, 2016, the petitioner underwent surgery on his left leg, which was performed by a private attending physician at the defendant Westchester Medical Center (hereinafter WMC). Immediately after the surgery was performed, the petitioner experienced pain, weakness, and numbness in his right leg. Neurologists were consulted in the hospital, and WMC's medical records reflect a differential diagnosis that included femoral neuropathy due to positioning of the petitioner during surgery.
On June 30, 2017, the petitioner served a late notice of claim upon WMC and Westchester County Health Care Corporation (hereinafter together the appellants). The petitioner thereafter filed the instant petition for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. In an order dated January 24, 2018, the Supreme Court granted the petition and deemed the late notice of claim timely served nunc pro tunc. The appellants then moved for leave to renew their opposition to the petition, which motion was denied by order dated August 15, 2018.
"In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, [the] court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" [*2](Matter of Weaver v City of New York, 138 AD3d 873, 874; see General Municipal Law § 50-e[5]).
Here, the petitioner demonstrated that the appellants had actual knowledge of the essential facts constituting the claim within 90 days after it arose. While merely having or creating hospital records, without more, does not establish such actual knowledge (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537), an independent review of WMC's medical records in the present case suggested that the petitioner suffered an injury potentially attributable to malpractice on the part of the appellants' employees (see Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258; Matter of Kumar v Westchester County Health Care Corp., 78 AD3d 1054, 1055). While the appellants assert that the surgery was performed by a private attending physician not employed by them, the operative report lists a nurse and an anesthesiologist employed by WMC as individuals involved in the positioning of the petitioner for surgery.
The petitioner further made an initial showing that the appellants would not suffer any prejudice by the delay in serving a notice of claim, and the appellants failed to rebut the petitioner's showing with particularized indicia of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466-467; Matter of Breslin v Nassau Health Care Corp., 153 AD3d at 1258). Finally, the lack of a reasonable excuse is not dispositive where, as here, there is actual notice and an absence of prejudice (see Matter of Breslin v Nassau Health Care Corp., 153 AD3d at 1258).
Accordingly, the Supreme Court providently exercised its discretion in granting the petition and deeming the late notice of claim timely served nunc pro tunc.
The Supreme Court also properly denied the appellants' motion for leave to renew their opposition to the petition, as they failed to set forth new facts not previously offered that would change the prior determination (see CPLR 2221[e][2]).
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court