Matter of Bergado v New York City Health & Hosps. Corp. (2024 NY Slip Op 06039)

Matter of Bergado v New York City Health & Hosps. Corp.

2024 NY Slip Op 06039

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-06147 
2023-08941
 (Index No. 717182/22)

[*1]In the Matter of Lerrezyl Bergado, etc., appellant,
v
New York City Health and Hospitals Corporation, respondent.

Sullivan Papain Block McManus Coffinas & Cannavo P.C., New York, NY (Stephen C. Glasser, Christopher J. DelliCarpini, and Brian J. Shoot of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Claude S. Platton and Jonathan Schoepp-Wong of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 4, 2023, and (2) an order of the same court entered August 10, 2023. The order entered May 4, 2023, denied the petition and dismissed the proceeding. The order entered August 10, 2023, denied the petitioner's motion for leave to reargue and renew the petition.
ORDERED that the appeal from so much of the order entered August 10, 2023, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered August 10, 2023, is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the petitioner's motion which was for leave to renew is granted, upon renewal, the order entered May 4, 2023, is vacated, and the petition is granted; and it is further,
ORDERED that the appeal from the order entered May 4, 2023, is dismissed as academic, in light of the determination on the appeal from the order entered August 10, 2023; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
In June 2021, the petitioner began receiving prenatal care at Elmhurst Hospital Center, which is owned and operated by the respondent, New York City Health and Hospitals Corporation (hereinafter NYCHHC). In January 2022, the petitioner was admitted to the labor and delivery department of Elmhurst Hospital Center, where physicians eventually delivered the petitioner's son via cesarean section. Upon birth, the infant allegedly was diagnosed with hypoxic ischemic encephalophathy.
In August 2022, the petitioner, individually and as mother and natural guardian of the infant, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on NYCHHC, alleging that the infant sustained injuries as a result of medical malpractice over the course of the petitioner's care at Elmhurst Hospital Center. In support of the petition, the petitioner submitted the proposed notice of claim and her own affidavit, which stated that she was monitored for approximately eight hours before her physicians attempted a vaginal delivery and only after the attempted vaginal delivery failed was a delivery by cesarean section performed. The infant was intubated and fed through a feeding tube. The petitioner attributed the delay in serving a notice of claim to the fact that the infant required early intervention because he could not swallow and move properly.
By order entered May 4, 2023, the Supreme Court denied the petition and dismissed the proceeding. Thereafter, the petitioner moved for leave to reargue and renew the petition. In support of the motion, the petitioner submitted her medical records and an expert affidavit analyzing those records. In an order entered August 10, 2023, the court denied the petitioner's motion. The petitioner appeals from both orders.
Pursuant to General Municipal Law § 50-e(1)(a), "a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises" (Matter of Dutra v City of New York, 224 AD3d 682, 682, citing Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "General Municipal Law § 50-e(5) authorizes a court, in its discretion, to extend that period of time" (Matter of Anghel v Town of Hempstead, 223 AD3d 901, 902). In determining whether to grant a petition for leave to serve a late notice of claim, the Supreme Court must "'consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits'" (Matter of Aime v New York City Health & Hosps. Corp., 230 AD3d 759, 759-760, quoting Jara v Elmhurst Hosp. Ctr., 213 AD3d 653, 653-654). While "'[t]he presence or absence of any one of these factors is not dispositive'" (Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 644, quoting Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660), "whether the municipality had actual knowledge of the essential facts is of great importance" (E.R. v Windham, 181 AD3d 736, 738).
Here, the petitioner established a reasonable excuse for the delay, to wit, the serious medical condition of the infant, which required hospitalization of the infant after his birth, feeding through a feeding tube, and numerous medical appointments while the condition of the infant was being assessed (see Matter of Levin v County of Westchester, 91 AD3d 646). Considering the overall circumstances, including the petitioner's natural predisposition to be more concerned with the infant's medical condition and the treatment those injuries required, rather than with commencing legal action during the prescribed time period, the delay in serving a late notice of claim should have been excused (see id. at 647; Matter of Godoy v Nassau Health Care Corp., 49 AD3d 541, 543). Further, in support of that branch of the petitioner's motion which was for leave to renew the petition, the petitioner submitted her medical records and an expert's affidavit, which established that NYCHHC had actual knowledge of the essential facts constituting the claim since the alleged malpractice was apparent from an independent review of the medical records (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; Matter of Duke v Westchester Med. Ctr., 196 AD3d 482; Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258). The medical records were not submitted earlier because, although the petitioner sought her medical records in August 2022, she only received those records on December 22, 2022 (see Matter of Kerner v County of Nassau, 150 AD3d 1234). Further, the medical records were voluminous.
Since the conduct at issue was fully documented in the medical records, the petitioner made an initial showing that NYCHHC was not prejudiced by the delay in serving the notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466-467), and, in [*2]response, the NYCHHC made no showing of prejudice.
Accordingly, that branch of the petitioner's motion which was for leave to renew the petition should have been granted, and, upon renewal, the petition should have been granted.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court